The People of the State of New York ex rel. Thomas Hughes, Relator, v. Edgar S. Jennings, as Warden of Auburn State Prison, Defendant.

Supreme Court, Cayuga County, June 2, 1928.

Crimes — parole — relator was sentenced June 21, 1907, to twenty years' imprisonment for robbery, first degree — he was paroled March 28, 1917 — parole was revoked September 30, 1918, and after his return to prison, June 24, 1927, relator was again declared delinquent — in 1907 relator was subject to parole, under Prison Law, § 211 — when paroled he was in legal custody until expiration of sentence, under Prison Law, §§ 211, 214 — Parole Board had power to declare relator delinquent on his return to prison, under Prison Law, §§ 211, 214, 217 — relator not entitled to hearing.

The relator was convicted and sentenced on June 21, 1907, to a term of twenty years' imprisonment for robbery in the first degree. At that time, he, not having been previously convicted of a felony, was subject to parole, under section 211 of the Prison Law. He was paroled on March 28, 1917, but until the expiration of his sentence he was still in the legal custody of the warden of the State prison, under sections 211 and 214 of the Prison Law.

The relator was declared delinquent on September 30, 1918, but was not returned to prison until June 24, 1927, the date of the expiration of his original sentence, but after he was returned to prison he was again declared delinquent by the Parole Board. The Parole Board had the power to declare the relator delinquent (Prison Law, §§ 211, 214; Id. § 217, as amd. by Laws of 1919, chap. 198). When

he was first declared delinquent in 1918, section 217 of the Prison Law had not been amended and it was the rule that a warrant should be issued for the arrest of an offender before the Parole Board had jurisdiction to act upon his delinquency.

However, the Parole Board having acted legally in June, 1927, the prisoner was properly returned to prison, there being no question of the violation of his parole and he was not entitled to a hearing.

HABEAS CORPUS proceeding.

*Thomas Hughes,* in person, for the relator.

*Albert Ottinger, Attorney-General [Almon W. Burrell, Assistant Attorney-General],* for the defendant.

CUNNINGHAM, J.  The relator was released from Auburn State Prison upon parole and was afterwards returned thereto for violation of his parole.  He claims that he was sentenced as a second offender; that he is not subject to the jurisdiction of the Parole Board and could not be declared delinquent by such Board, and that his imprisonment is illegal.

The relator on June 21, 1907, after conviction of robbery, first degree, was sentenced to twenty years' imprisonment.  The indictment charged that he had previously been convicted of petit larceny. At that time increased punishment was provided upon conviction of a felony when a previous conviction of a misdemeanor had been had.  (Penal Code, § 689, re-enacted in Penal Law, § 1940, repealed by Laws of 1920, chap. 571.)

At the time of conviction indeterminate sentences were limited to crimes for which the maximum imprisonment was five years. (Penal Code, § 687-a, added by Laws of 1901, chap. 425, as amd. by Laws of 1906, chap. 36.)

It was not until September 1, 1907, that the limitation was removed from the Penal Code.  (Laws of 1907, chap. 737.)

At the time of his conviction in 1907 relator had not previously been convicted of a crime punishable by imprisonment in a State Prison and was, therefore, subject to parole.  (Prison Law, § 211; *Matter of Lewis* v. *Carter,* 220 N. Y. 8, 18.)

The relator was released from prison by the Board of Parole for State Prisons on March 28, 1917.  Until the expiration of his sentence he was " in the legal custody and under the control of the agent and warden " of Auburn State Prison.  (Prison Law, §§ 211, 214.)

He was received at prison on June 25, 1907, on which day his term of imprisonment commenced.  (*People ex rel. Ammon* v. *Johnson,* 114 App. Div. 876.)

The relator was declared delinquent on September 30, 1918.

He was returned to prison on June 24, 1927, the date of the expiration of his original sentence of twenty years. After his return to prison he was again declared delinquent. The Parole Board had power to declare the relator delinquent. (Prison Law, §§ 211, 214; Id. § 217, as amd. by Laws of 1919, chap. 198; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.)

When he was first declared delinquent in 1918, the amendment to section 217 of the Prison Law had not been enacted and it has been held that previous to the change in the statute a warrant must have issued for the arrest of the offender before the Parole Board had jurisdiction to act upon his delinquency. (*People ex rel. Atkins* v. *Jennings*, 222 App. Div. 97, 99.)

It appears from the record in this case that the relator violated his parole by not reporting at all; that in the year 1919 he served a term in the United States Penitentiary at Leavenworth and that he was convicted of petit larceny and sentenced to the Onondaga County Penitentiary for three months. As the relator had failed to observe the provisions of his parole he might be retaken and again confined in prison. (*People ex rel. Newton* v *Twombly*, 228 N. Y. 33; *People ex rel. Atkins* v. *Jennings*, 248 id. 46.)

In the latter case the court said that if " it uncontrovertibly appeared that relator had violated the condition of his commutation and that the inevitable consequences of a hearing would be his recommitment, such hearing might be dispensed with as an idle formality affecting no substantial right."

The relator having failed to comply with the conditions upon which he was paroled is subject to further imprisonment under the provisions of the Prison Law and his release will not be ordered upon mere technicalities.

The writ is dismissed and the relator remanded to the custody of the warden of Auburn State Prison.