J. Leo O'Brien, as Receiver of the Property of Louis Forstner, Respondent, v. Mary Forstner, Individually and as Executrix, etc., of Louis Forstner, Deceased, Appellant, and Others, Defendants.— Order denying appellant's motion for a change of venue from Westchester county to Bronx county, in an action, by a receiver in supplementary proceedings, to enforce rights under a judgment against a debtor or his estate, affirmed, with ten dollars costs and disbursements. The pleadings disclose that there is no issue of fact that involves a determination of a claim to real property within the meaning of section 183, subdivision 5, of the Civil Practice Act. The only issue is one that arises on the answer and concerns the validity or invalidity of a judgment for a sum of money, which latter issue is the real subject of the action, as a consequence of the state of the pleadings. Hagarty, Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., concurs in result.

The People of the State of New York, Respondent, v. Benjamin Lieberman, Appellant.—Appeal from a judgment of the County Court of Rockland county convicting the defendant of robbery in the first degree while armed, and from an order denying defendant's motion to set aside the verdict. The record amply supports the conviction and we find no prejudicial error. The sentence, however, was not legal in so far as concerned the minimum thereof. It gave no effect to section 2189 of the Penal Law, which provides that the minimum, where the person sentenced has not previously been convicted, shall not be more than one-half the longest period fixed by law for which the crime is punishable. Here the greatest minimum period that might be imposed was fifteen·years instead of twenty years. Pursuant to section 543 of the Code of Criminal Procedure, the judgment of the County Court of Rockland county is modified by providing that defendant is sentenced to an indeterminate term of not less than fifteen years and not more than thirty years with an additional five-year term, making the minimum twenty years and the maximum thirty-five years. As so modified the judgment and the order are unanimously affirmed. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

The People of the State of New York, Respondent, v. Warren Piscopo, Appellant.— Judgment of the County Court of Kings county convicting appellant of the crime of attempted extortion unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.