ROBERT WERSBA, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, January 28, 1938.

*James D. Ewing* of counsel [*Alexander & Green*, attorneys], for the appellant.

*Max Shlivek* of counsel [*Saul S. Brin* with him on the brief; *Lind, Shlivek, Marks & Brin*, attorneys], for the respondent.

GLENNON, J. This action was instituted to recover disability benefits under seven policies of life insurance issued by the defendant on plaintiff's life. The policies were written between 1929

and 1933. The first four contained provisions for disability payments and waiver of premiums, while the others provided only for a waiver of premium in the event of disability. The recovery sought includes monthly disability income installments and refunds of premiums which were paid under protest.

The plaintiff represented in his applications in reference to the first four policies, (1) that he never received any insurance benefit or indemnity for injury or illness except twenty dollars in 1928 from the Travelers of Illinois for a sprained right leg; (2) that he never had rheumatism; (3) that he never had any illness not mentioned in the applications. The same representations were made with reference to the last three policies, and in addition thereto, in his applications covering the same he stated: (a) that he had not consulted or been treated by any physician or practitioner during the past five years; (b) that he had not had or been treated for any disease or disturbance of the genito-urinary organs. Defendant resisted the action on the ground that plaintiff in his applications made false representations which were material to the risk as a matter of law. We are of the opinion that the contentions of the defendant were sound and the court should have granted the motion made by it for a direction of a verdict in its favor.

The defendant upon the trial established the following facts: The plaintiff made a claim to the United States Veterans' Administration on August 9, 1920, based on " Rheumatic pains in knees." After an examination his condition was diagnosed as chronic arthritis of the knee joints. The Veterans' Administration found that plaintiff had ten per cent partial disability due to chronic arthritis. It paid him indemnity at the rate of eight dollars per month from June 14, 1919, to May 31, 1924. At that time payments were discontinued for the reason that plaintiff did not appear for a further examination. In addition, plaintiff was compensated for about 173 treatments given him by his own physician prior to the date of claim. On three different occasions, between 1920 and 1924, plaintiff's condition was diagnosed as chronic arthritis by doctors connected with the Veterans' Administration. Under date of April 24, 1930, plaintiff wrote to the Veterans' Administration a letter which reads in part as follows: " I don't mean to dispute any claims or decisions that the physician might make after examination, since a layman has never been accepted against a physician by the Government. At least that has been my experience since my discharge from the United States Army. It is needless for me to say that unless I felt that I have a legitimate claim on the Government I would not have made any request for disability allowances years ago. After having paid my doctor's

bills that were incurred at the start, they gave me an allowance of $8 a month, which is absolutely ridiculous, and when this was stopped I did not feel that it was worth while making any kick about."

Plaintiff, in order to rebut defendant's evidence, testified that he never suffered from chronic arthritis. He stated that sometime after May, 1924, he visited an orthopedic surgeon who diagnosed his condition as flat feet and prescribed a special pair of shoes for him. He said that after he had worn the shoes for a period of time the pains in his legs and back disappeared and did not return. In addition thereto, he called as a witness a physician who expressed the opinion that the condition of plaintiff's feet would be a competent producing cause of the symptoms of which he complained to the Veterans' Administration between the years 1920 and 1924. It was not disputed that plaintiff had failed to disclose to the defendant that he had been the recipient of disability payments from the government for the period from 1920 to 1924.

In his proof of claim, which was based upon his present conceded condition, plaintiff stated in substance that his health began to be affected in August, 1934. The proof showed that the plaintiff had been treated by a Dr. Irving Shapiro of Chicago. The latter according to his statement, which was vouched for by the plaintiff, wrote that in June, 1932, he had treated the plaintiff for prostatitis. That fact plaintiff failed to disclose in his application for the last three policies which were issued subsequent to June, 1932. On the trial plaintiff testified with reference thereto that Dr. Shapiro gave him a rectal examination; that he was not ill at the time and no medicine was prescribed for him and that he had no pain. The examination by the physician in 1932 undoubtedly was a fact that should have been disclosed by the applicant.

We hold that the concealment on the part of the plaintiff that he had received compensation from the Veterans' Administration prior to the issuance of any of the policies in suit, amounted to a misrepresentation which was material to the risk as a matter of law. In addition thereto, the failure of the plaintiff to disclose to the company that he had been treated by a physician in 1932 also was a material misrepresentation as a matter of law, sufficient in and of itself to vitiate the last three policies. The company might well have refused to issue any policies to the plaintiff had it known the truth. In *Geer* v. *Union Mutual Life Ins. Co.* (273 N. Y. 261) Judge LEHMAN said: " Misrepresentation in an answer, by affirmation of an untruth or by suppression of the truth, is material where it ' substantially thwarts the purpose for which the information is demanded and induces action which the insurance company

might otherwise not have taken.' The test is whether 'failure to state the truth where there was duty to speak prevented the insurance company from exercising its choice of whether to accept or reject the application upon a disclosure of all the facts which might reasonably affect its choice.' The question is ' not whether the company might have issued the policy even if the information had been furnished; the question in each case is whether the company has been induced to accept an application which it might otherwise have refused.' "

For the reasons stated we have reached the conclusion that judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.