THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRUNO CAROLLO, Appellant, v. JOSEPH H. BROPHY, Warden of the New York State Prison at Auburn, New York, Respondent.

Fourth Department, January 7, 1942.

*Bruno Carollo*, in person, for the appellant.

*John J. Bennett, Jr.*, Attorney-General [*Edward T. Boyle, Deputy Attorney-General*, of counsel], for the respondent.

CROSBY, P. J. The relator-appellant was convicted of a felony on June 2, 1938, and was given a sentence of fifteen years to life as a fourth offender. It is not disputed that he had previously been convicted of three felonies, as follows: The crime of burglary, in the State of Missouri, on January 16, 1929, for which he received a four-year sentence; the crime of assault with a dangerous weapon, in the State of New Jersey, on February 3, 1932, for which he received a five-year sentence; and the crime of escape from prison, in the State of New Jersey, on May 3, 1935, for which he received a sentence of from one to three years. Appellant does not question that the three previous crimes were such as would be felonies if committed within the State of New York, and he does not question that he is the identical person who committed them. The only serious question raised by appellant relates to the interpretation

that should be given to section 1699 of the Penal Law when read in connection with section 1942.

Section 1699 reads as follows: " A person convicted of a felony as defined by any provision of this article [having to do with escape from prison] is punishable by imprisonment for not less than one year nor more than seven years and the provisions of sections nineteen hundred forty-one and nineteen hundred forty-two of this chapter shall not apply to such a conviction."

Upon the last clause of this section appellant bases his claim that, in fixing his sentence for the crime for which he is now being punished, the court was forbidden to treat the previous conviction for escape as one to be considered, and that he should have been sentenced as a third offender rather than as a fourth.

We do not so interpret section 1699. No authority exactly in point has been called to our attention, but we interpret section 1699 to mean that, *in fixing the sentence for the crime of escape*, sections 1941 and 1942 shall not apply; but we see nothing in section 1699 to indicate that conviction for the crime of escape was not to be counted against appellant as a previous felony when the sentence under review was being imposed upon him.

The only effect of section 1699 of the Penal Law is to limit the punishment for the crime of escape. It does not, in any way, limit the operation of section 1942 when sentence is being imposed for a subsequent and different kind of felony.

This view is strengthened by the wording of the heading of section 1699: " Punishment upon conviction of a felony committed in violation of this article." In the body of section 1699, after provision is made fixing the term of imprisonment for violation of article 162 of the Penal Law (in which article is included the crime of escape from prison), it is provided that sections 1941 and 1942 shall not apply to " such a conviction." Had the word " sentence " been used, instead of the word " conviction," the application of the section would be clearer. However, the heading of section 1699 indicates that it concerns only *punishment* for the crime of escape, and leaves the *conviction* to be taken into account in applying the provisions of sections 1941 and 1942. The heading of a section may be considered in the construction of a statute. (*Broderick* v. *Weinsier*, 253 App. Div. 213, 219; affd., 278 N. Y. 419.)

Another point is raised by appellant. He relies upon a dictum in the opinion in the case of *People* v. *Spellman* (136 Misc. 25, 29) to the effect that life sentences should not be imposed because of successive crimes unless " separated sufficiently to offer opportunity for the felon to reform."

The situation in that case was somewhat unusual. The defendant had, on the same day, pleaded guilty to seven separate indictments, each charging burglary, and seven separate sentences had been imposed. The court treated the seven convictions as one. The facts in the instant case are totally unlike the facts in the *Spellman* case. (See *Matter of Terwilliger* v. *Turk*, 156 Misc. 246.)

Appellant's writ of habeas corpus was properly dismissed by the County Court, and the order appealed from should be affirmed, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order affirmed, without costs of this appeal to either party.