THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRUNO CAROLLO, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn State Prison, Respondent.

Argued June 6, 1945; decided July 19, 1945.

*Richard T. Anderson* for appellant. I. Appellant is not amenable to the provision of section 1942 of the Penal Law. (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249; *People* v. *Schaller*, 224 App. Div. 3; *People ex rel. Friedman* v. *Kaiser*, 134 Misc. 786; *People ex rel. Robideau* v. *Kaiser*, 134 Misc. 468; *People ex rel. Bierbaum* v. *Jennings*, 135 Misc. 809; *O'Tier* v. *Sell*, 235 N. Y. S. 537; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *The People, ex rel.* v. *Kelly*, 32 Hun 536, 97 N. Y. 212.) II. Appellant is not a fourth offender. (*People ex rel. Marcley* v. *Lawes*, 228 App. Div. 660, 254 N. Y. 249.)

*Nathaniel L. Goldstein, Attorney-General* (*William S. Elder, Jr., Orrin G. Judd* and *Patrick H. Clune* of counsel), for respondent. I. Habeas corpus is not an available remedy here. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27; *People ex rel. Martine* v. *Hunt*, 294 N. Y. 651; *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131.) II. The sentence is legal, proper and mandatory. (*People* v.

*Richards,* 263 App. Div. 586; *The People* v. *Raymond,* 96 N. Y. 38; *People* v. *Sickles,* 156 N. Y. 541.) III. This proceeding is jurisdictionally defective. Subdivision 4 of section 1258 of the Civil Practice Act requires that in such cases as this, eight days' notice of the time and place of return of the writ shall be given personally to the district attorneys of the counties wherefrom the relator was committed and wherein he is detained — in this case the counties of Queens and Cayuga. Unless compliance with this mandate is established, the courts have no jurisdiction to sustain the writ and discharge the prisoner. (*People ex rel. Saporito* v. *Warden of N. Y. Penitentiary,* 243 App. Div. 450; *Matter of Mellor* v. *Hinkley,* 201 App. Div. 619.)

LEWIS, J. The relator, by writ of habeas corpus, challenges the validity of his sentence as a fourth offender upon the ground that, in determining the basis for such sentence imposed under Penal Law, section 1942, the court erroneously included a prior conviction for an escape. The question presented is whether Penal Law, section 1699, excludes from the operation of section 1942 a prior conviction of escape from lawful penal servitude.

We have granted to the relator permission to appeal from an order of the Appellate Division which unanimously affirmed an order of County Court dismissing the writ of habeas corpus and remanding the relator to the custody of the respondent, the warden of the New York State Prison at Auburn.

We do not agree with the Attorney-General's assertion that the relator may not invoke the writ of habeas corpus to challenge a sentence which, according to relator's claim, exceeds statutory limits. If the relator's sentence is for a term longer than authorized by statute it is not a judgment of a court of competent jurisdiction even though the sentencing court had power to try the offense and fix the penalty. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 591. Cf. *People ex rel. Kerrigan* v. *Martin,* 291 N. Y. 513; *People ex rel. Romano v. Brophy,* 280 N. Y. 181, 707; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *The People, ex rel.* v. *Kelly,* 97 N. Y. 212.)

Nor is there in the present proceeding a jurisdictional defect within the meaning of Civil Practice Act, section 1258, subdivision 4, by reason of the absence of proof that notices required by the statute last cited have been served upon the District Attorney

of the county within which the relator was detained and of the county from which he was committed. The requirement of the statute is that such notices shall be served *before* " an order for his [the prisoner's] discharge shall  *  *  * be made ". As no order for relator's discharge has yet issued in this proceeding it cannot be said that, in the circumstances disclosed by this record, the failure to give such notices deprived the County Court of jurisdiction.

We come then to the merits of our problem. On June 2, 1938, the relator was convicted in the County Court of Queens County of attempted burglary, second degree. Thereafter the District Attorney filed an information pursuant to Penal Law, section 1943, charging the relator as a fourth offender under section 1942 which provides in part as follows: " § 1942. *Punishment for Fourth Conviction of Felony.* A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony, other than murder, first or second degree, or treason, within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a· felony as the fourth or subsequent, offense, shall be not less than fifteen years, and the maximum thereof shall be his natural life.  *  *  * "

Of three prior felony convictions charged in the information — all of which were committed in foreign jurisdictions — one was the conviction of the relator on May 3, 1935, in a New Jersey court of an escape from Leesburg Prison Farm. For that escape he was sentenced to a term of one to three years to commence upon completion of the prison term he was then serving. The relator acknowledged that he was the same person described in the information and did not deny that the three prior convictions with which he was charged would have been felonies if committed within the State of New York. Thereupon he was sentenced, under Penal Law, section 1942, to a State prison for a term of " not less than 15 years, nor more than life."

At the Appellate Division it was ruled that the operation of Penal Law, section 1942, is in no way limited by section 1699 when, as in the present case, a sentence is imposed for a subsequent felony of a different type. It is said that " The only effect of section 1699 of the Penal Law is to limit the punishment for the crime of escape." (263 App. Div. 238, 239.)

We do not so construe section 1699 which is within article 162 of the Penal Law setting forth certain statutory requirements as to the treatment to be accorded prisoners in custody and those who have escaped. The statute here in question provides: " § 1699. *Punishment Upon Conviction of a Felony Committed in Violation of This Article.* A person convicted of a felony as defined by any provision of this article is punishable by imprisonment for not less than one year nor more than seven years and *the provisions of sections nineteen hundred forty-one and nineteen hundred forty-two of this chapter shall not apply to such a conviction.*" (Emphasis supplied.)

Noting that by its last clause section 1699 provides " that sections 1941 and 1942 shall not apply to ' such a conviction ' ", the Appellate Division suggests that " Had the word ' sentence ' been used, instead of the word ' conviction,' the application of the section would be clearer." (263 App. Div. 238, 239.) We may assume, however, that the Legislature's choice of the word " conviction " — the same word used to express the legislative intent in the related sections 1941 and 1942 — was a deliberate choice of a word of which the meaning is clear and is expressive of the purpose to be accomplished by the statute. When read in its context the word " conviction " states the Legislature's intention to provide that when, as in the present case, a person who previously has been the subject of multiple convictions is before a court for sentence under section 1941 or 1942, a prior conviction for escape shall not be reckoned as a prior conviction.

The statutes with which we are dealing, being penal in character, must be strictly construed. Their scope is not susceptible to limitation or extension by judicial interpretation to cover cases not clearly within the expressed legislative intent. ( *People* v. *Nelson,* 153 N. Y. 90, 94; *People* v. *Ryan,* 274 N. Y. 149, 154; *People* v. *Wallace & Company,* 282 N. Y. 417, 419–420.) It is true that the increased punishment prescribed by sections 1941 and 1942 is not additional punishment for prior crimes. Never-

theless, the prior conviction is an element in fixing the increased punishment. Upon that subject we have had occasion to say, per LEHMAN, Ch. J.: " Increased punishment decreed by the statute for any offender who commits a second error is not, however, further punishment for the prior offense. ' The punishment is for the new crime only, but is the heavier if he is an habitual criminal.' (*McDonald* v. *Massachusetts,* 180 U. S. 311, 312.) ' The fact of the former conviction is an element merely in determining the criminality of the second offense. * * ' '' (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132, 135, and see *Carlesi* v. *New York,* 233 U. S. 51, 58–59; *People* v. *Sickles,* 156 N. Y. 541, 546–547.)

A person is entitled to unequivocal statutory warning of the fact that under existing law in this State (Penal Law, §§ 1941, 1942) a prior felony conviction will serve to increase the punishment for a subsequent felony. For that reason in the present case, where Penal Law section 1699 is the subject of interpretation, we give to its mandate " that construction which operates in favor of life or liberty ". (*Commonwealth vs. Martin,* 17 Mass. 359, 362.) If section 1699 was intended to prescribe increased punishment under sections 1941 and 1942 by reason of a prior conviction for escape that end must be accomplished by legislative action, not by judicial interpretation.

The order should be reversed and the proceeding remitted to the County Court for further proceedings not inconsistent with this opinion.

LOUGHRAN, CONWAY, DESMOND, THACHER and DYE, JJ., concur; LEHMAN, Ch. J., taking no part.

Ordered accordingly.