THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWIN HILT, Defendant.

County Court, Rensselaer County, February 26, 1951.

*Timothy F. O'Brien, District Attorney (John T. Casey* of counsel), for plaintiff.

*Richard W. Coughlin* for defendant.

PITT, J.   The defendant, Edwin Hilt, came first before this court on October 5, 1939.   At that time, his arraignment was had on four indictments, each charging a separate crime of robbery in the first degree.   Having entered a plea of guilty to all four crimes, the sentence of this court was pronounced against him on October 9, 1939.   At that time and by virtue of two judgments of conviction for larceny and receiving had against him in the State of New Jersey on September 9, 1927, and June 14, 1929, this court regarded him as a previously convicted felon and pronounced sentence in accordance with section 1941 of the Penal Law, the defendant receiving an indefinite term in Clinton Prison of not less than thirty and not more than sixty years on each of the four indictments, sentences to run concurrently.

Subsequent to the decision of *People* v. *Olah* (300 N. Y. 96 [1949]) the defendant made application for a writ of habeas corpus to the Supreme Court, Clinton County, complaining of the illegality of his sentence and requesting his return here to be resentenced as a first offender.   The writ was allowed and made returnable before Supreme Court, Clinton County, sitting at Special Term on December 9, 1950.   By order bearing the same date defendant was remanded to custody of the Warden of Clinton Prison to await his return to this county for resentence.

Previous to the pronouncement of the judgment of this court the defendant has seriously questioned its powers under section 2189 of the Penal Law (the provisions of which indisputably govern his resentence as a first offender) to impose a minimum sentence that is greater than fifteen years. This computation is determined by taking the longest period prescribed for robbery in the first degree, which is thirty years (Penal Law, § 2125) and applying it to that part of section 2189 of the Penal Law which states " the minimum of such sentence shall not be more than one-half the longest period ".

In direct support of this contention the defendant urges the following authorities (*People* v. *Lieberman,* 248 App. Div. 602, affd. 273 N. Y. 524; *Pisarri* v. *County Court of Richmond County,* 45 N. Y. S. 2d 301, and *People* v. *Ciccone,* 67 N. Y. S. 2d 847) and argues that this court is constrained to follow the holdings set down therein.

In fairness to the defendant it may be stated that these decisions carry a weight of authority in his favor.

This court, however, feels no constraint to follow them. Upon examination of these authorities it appears that all have been decided in the second department and all recognize *People* v. *Lieberman* (248 App. Div. 602, affd. 273 N. Y. 524, *supra*) as authority for an interpretation of section 2189 of the Penal Law common only to that department.

The pertinent provisions of section 2189 of the Penal Law read as follows: " A person never before convicted of a crime punishable by imprisonment in a state prison  *  *  *  who is convicted in any court in this state of a felony  *  *  *  and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period fixed by law ".

Section 2125 of the Penal Law provides: " Robbery in the first degree is punishable by imprisonment for an indeterminate term the minimum of which shall be not less than ten years and the maximum of which shall be not more than thirty years."

It is the opinion of this court that it has an absolute legal right to pronounce a sentence, the minimum of which shall be not less than twenty and the maximum of which shall be not more than thirty years on each of the four crimes to which the defendant has pleaded guilty and these sentences may be imposed to run concurrently or consecutively. This opinion is

founded upon the reading of section 2189 of the Penal Law and in particular the words " in case a minimum is fixed by law, not less than such minimum ".

Since a minimum sentence is specifically prescribed for robbery in the first degree (Penal Law, § 2125), the remainder of section 2189 following the word " otherwise " is immaterial to the problem under consideration. The only restraint section 2189 of the Penal Law places upon a court, when the minimum is prescribed by law, is to require the minimum of an indeterminate sentence to be not less than such minimum.

Authority for this interpretation is adequately found in *People ex rel. Mason* v. *Brophy* (235 App. Div. 432 [4th dept., 1932]), wherein it is stated that it is not the purpose and intent of section 2189 of the Penal Law that every indeterminate sentence must have its minimum and maximum in the exact ratio of one to two.

It is notable that the case of the *People ex rel. Caiazzo* v. *Wilson* (262 App. Div. 796 [3d dept., 1941]) sustained a sentence for an indeterminate term of not less than twenty-five nor more than thirty years for robbery in the first degree, grand larceny in the first degree and assault in the second degree. At the time of the decision in the *Caiazzo* case, the case of *People* v. *Lieberman* (248 App. Div. 602, *supra*) relied on by this defendant, had already been decided. Clearly, therefore, it is not the intention of the Appellate Division of the third department, in which this court has jurisdiction, to follow that chain of authority recognized in another department.

Although *People* v. *Lieberman* (*supra*) was affirmed in the Court of Appeals, an examination of the record on appeal and of the points presented to this court for argument show affirmatively that the question of the term of sentence was not specifically reviewed by the Court of Appeals.

Although I wish to assert that I have the most profound respect for every Justice of the Appellate Division of the second department, I feel constrained to follow the interpretation now established as a standard for sentencing under these circumstances by the Appellate Division of the third department in which my court has jurisdiction.

Sentenced accordingly.