THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT COLE, Defendant.

Supreme Court, Special Term, Albany County, June 15, 1951.

*Timothy F. O'Brien, District Attorney of Rensselaer County,* for plaintiff.

*Albert Cole,* defendant in person.

MacAffer, J. This application seeks relief in the nature of a writ of error *coram nobis* to vacate and set aside two judgments of conviction of the defendant petitioner rendered in the Supreme Court, Rensselaer County, on the 19th day of December, 1946, of the crimes of grand larceny in the first degree and escape, entered upon the pleas of guilty thereto made by the defendant when arraigned upon the indictments therefor. The petitioner contends that such judgments were illegally entered in that (a) at the time of his arraignment he was not properly advised of his right to counsel and (b) although sentenced as a second offender there was not a compliance with the provisions of section 1943 of the Penal Law as no prior felony information was filed.

On March 29, 1951, at the Special Term of this court in Rensselaer County, the petitioner applied for similar relief solely on the ground that he was not duly informed of his right to counsel. The court there considered that contention and denied the application on the merits. The court there found that the transcript of the stenographer's minutes made at the time of his arraignment and subsequent plea of guilty demonstrated that the petitioner was duly and adequately advised of his right to counsel and that petitioner waived his right to counsel by both words and action.

The court at Special Term is not empowered to sit in review of the adjudications of the Supreme Court made at another Special Term. The power to review the decision of the court at Special Term is vested only with the Appellate Division of the Supreme Court. This court, therefore, does not pass upon this ground of petitioner's application here. This court is precluded therefrom by the adjudication of the court made at the Rensselaer County Special Term.

The District Attorney does not dispute the correctness of the transcript of the stenographer's minutes attached to petitioner's application here, which purports to be a record of the

proceedings at the time of defendant's arraignment and plea. Neither does the District Attorney contend that such transcript is not complete. It does not appear that the defendant was indicted and convicted as a second offender, in which case compliance with section 1943 of the Penal Law would not be required. (*People ex rel. Williams* v. *Jackson,* 272 App. Div. 859; *People* v. *Gowasky,* 244 N. Y. 451.)

The court reaches the conclusion that there was not a proper compliance with section 1943 of the Penal Law. The transcript of the stenographer's minutes does not show that a prior felony information was filed by the District Attorney and the defendant given an opportunity to plead thereto and have a trial thereof if the charge be denied. The defendant was entitled to unequivocal statutory warning of the fact that a prior felony conviction would serve to increase the punishment for a subsequent felony. (*People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 545.) Under such circumstances the sentence passed upon the defendant imposing increased punishment was illegal. (*People* v. *Kimmond,* 273 App. Div. 971; *People* v. *Gowasky,* 244 N. Y. 451, *supra.*) However, the judgments of conviction are not void and the defendant is entitled only to be resentenced. (*People ex rel. Donato* v. *Foster,* 57 N. Y. S. 2d 737.)

The defendant should be returned to the Supreme Court, Rensselaer County, there to be resentenced according to law. (*People ex rel. Donato* v. *Foster,* 57 N. Y. S. 2d 737, *supra*; *People ex rel. Hallenbeck* v. *Morhaus,* 265 App. Div. 979.)

The District Attorney shall submit an appropriate order conforming to this decision.