THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT V. COLE, Defendant.

Supreme Court, Special Term, Albany County, August 12, 1952.

*Timothy F. O'Brien, District Attorney of Rensselaer County,* for plaintiff.

*Albert V. Cole,* defendant in person.

MACAFFER, J. This is an application in the nature of a writ of error *coram nobis* wherein the petitioner contends that he was illegally sentenced on December 19, 1946, to a term of five to seven years upon conviction of the crime of escape under section 1694 of the Penal Law.

Under date of June 15, 1951, this court determined that the petitioner had been illegally sentenced upon conviction for the crimes of grand larceny and escape as a second offender under section 1941 of the Penal Law in that there had not been compliance with section 1943 of the Penal Law. (*People* v. *Cole,* 200 Misc. 442.) Upon his return for resentencing, pursuant to said decision, the same sentence was imposed, i.e., five to seven years.

The petitioner contends that he should not have received increased punishment as a second offender under section 1941 of the Penal Law when the second offense was the crime of escape in view of the provisions of section 1699 of the Penal Law.

The problem is novel and does not appear to have been previously squarely decided by any court. The question was not before this court on petitioner's prior application referred to above.

In the case of *People ex rel. Carollo* v. *Brophy* (263 App. Div. 238), the Appellate Division of the Fourth Department said at page 239: " The only effect of section 1699 of the Penal Law is to limit the punishment for the crime of escape. It does not, in any way, limit the operation of section 1942 when sentence is being imposed for a subsequent and different kind of felony." The Appellate Division was there considering whether the crime of escape could be one of the crimes making the accused a fourth offender under section 1942 of the Penal Law and subject to the punishment provided therefor in said section. That court held that such crime of escape could be so used.

The Court of Appeals, however, expressly reversed the Appellate Division on this point (*People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540), saying at page 544:

" At the Appellate Division it was ruled that the operation of Penal Law, section 1942, is in no way limited by section 1699 when, as in the present case, a sentence is imposed for a subsequent felony of a different type. It is said that ' The only effect of section 1699 of the Penal Law is to limit the punishment for the crime of escape.' (263 App. Div. 238, 239.)

" We do not so construe section 1699 which is within article 162 of the Penal Law setting forth certain statutory requirements as to the treatment to be accorded prisoners in custody and those who have escaped."

However, the Court of Appeals impliedly approved of the conclusion of the Appellate Division, quoted above, to the effect that the punishment for the crime of escape is limited by section 1699 of the Penal Law when the Court of Appeals said at page 544:

" The statute here in question provides: ' § 1699. *Punishment Upon Conviction of a Felony Committed in Violation of This Article.* A person convicted of a felony as defined by any provision of this article is punishable by imprisonment for not less than one year nor more than seven years and *the provisions of sections nineteen hundred forty-one and nineteen hundred forty-two of this chapter shall not apply to such a conviction.*' (Emphasis supplied.)

" Noting that by its last clause section 1699 provides ' that sections 1941 and 1942 shall not apply to " such a conviction " ', the Appellate Division suggests that ' Had the word " sentence " been used, instead of the word " conviction ", the application of the section would be clearer.' (263 App. Div. 238, 239.) We may assume, however, that the Legislature's choice of the word ' conviction ' — the same word used to express the legislative intent in the related sections 1941 and 1942 — was a deliberate choice of a word of which the meaning is clear and is expressive of the purpose to be accomplished by the statute. When read in its context the word ' conviction ' states the Legislature's intention to provide that when, as in the present case, a person who previously has been the subject of multiple convictions is before a court for sentence under section 1941 or 1942, a prior conviction for escape shall not be reckoned as a prior conviction."

Although the precise question thus determined by the Court of Appeals is not the one now here, this decision of the Court of Appeals read in connection with the language quoted from the decision of the Appellate Division which has not been overruled but impliedly approved by the Court of Appeals leads to

the conclusion that such a person cannot be sentenced as a second offender under section 1941 of the Penal Law. The Court of Appeals has held that the provisions of section 1942 of the Penal Law are expressly excluded by the provisions of section 1699 of the Penal Law from application to the crime of escape. It logically follows that the provisions of section 1941 of the Penal Law must likewise be excluded by the provisions of section 1699 of the Penal Law from application to the crime of escape.

The sentencing of the petitioner to a minimum term of five years under section 1941 of the Penal Law was therefore illegal. The minimum term should be that fixed by section 2189, i.e., three and one-half years.

The defendant should be returned to the Supreme Court of Rensselaer County, there to be resentenced according to law. (*People* v. *Cole*, 200 Misc. 442, *supra*.)

The District Attorney shall submit an appropriate order conforming to this decision.