THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADRIAN PETOSA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting defendant of a violation of section 1846 of the Penal Law (impersonating a police officer), reversed on the law and the facts, and the information dismissed. The proof was insufficient to establish defendant's guilt beyond a reasonable doubt. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN PORTNER, Appellant.— Order denying motion to set aside a judgment of conviction on the ground of fraud affirmed. No opinion. Nolan, P. J., Carswell, Adel, Mac-Crate and Schmidt, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JOSEPH SWEENEY, Appellant.— Appeal from a judgment of the County Court, Westchester County, convicting defendant of the crime of assault in the second degree and sentencing him to a term of imprisonment of not less than seventeen and one-half years and not more than thirty-five years. In our opinion the evidence amply supports the conviction. An indeterminate sentence was legal, but the extent thereof inaccurate. Pursuant to section 543 of the Code of Criminal Procedure, the judgment of conviction is modified by providing that defendant is sentenced to an indeterminate term of not less than ten years and not more than twenty years. As so modified, the judgment is unanimously affirmed. The basic term of imprisonment of the defendant, either as a second or third offender is five to ten years in accordance with section 1941 of the Penal Law as it read at the time of the commission of the crime in 1949 (see L. 1950, ch. 300). The latter enactment did not apply to crimes committed prior to March 30, 1950. This crime was committed September 14, 1949, hence the prior five-year minimum provision under section 1941 controls. To that basic sentence is added a further term of imprisonment of from five to ten years under section 1944 of the Penal Law for the use of the pistol in the commission of the assault. There is no proof, in accordance with the provisions of section 1944, that during the course of the two previous convictions proved against the defendant he was armed with one of the enumerated weapons. In consequence he cannot be imprisoned as a second or third offender under section 1944 "for a felony so committed". In any event the additional punishment provided under section 1944 (L. 1936, ch. 53) is now a matter of discretion. (*People* v. *Lieberman*, 248 App. Div. 602; *People* v. *Wiley*, 259 App. Div. 740.) Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [See 281 App. Div. 684.]