THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDERICK S. KELLY, Appellant.

Third Department, July 8, 1954.

*Timothy F. O'Brien*, District Attorney (*John T. Casey* of counsel), for respondent.

*Frederick S. Kelly*, appellant in person.

HALPERN, J. The defendant had originally been sentenced as a second offender to a term of six to seven years, on a plea of guilty to an indictment charging him with the crime of escape in violation of section 1694 of the Penal Law. Subsequently, he attacked the sentence by a writ of error *coram nobis* and the sentence was vacated, upon the ground that it was improper to sentence the defendant as a second offender, since the second and third offender statute (Penal Law, § 1941) did not apply to the crime of escape (Penal Law, § 1699). It was accordingly ordered that the defendant be resentenced as a first offender. However, the County Court imposed the same sentence of six to seven years, upon the defendant as a first offender. This appeal is taken from that sentence.

The propriety of the sentence turns upon the construction of section 2189 of the Penal Law governing the sentences of first felony offenders. This section so far as here relevant reads as follows: " A person never before convicted of a crime punishable by imprisonment in a state prison, or who, though previously convicted of such a crime, is not punishable under the provisions of section nineteen hundred forty-one or nineteen hundred forty-two, who is convicted in any court of this state of a felony * * * and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period and the maximum shall not be more than the

longest period fixed by law for which the crime is punishable of which the offender is convicted.''

Section 1699 of the Penal Law provides that the punishment for the crime of escape shall be '' not less than one year nor more than seven years ''.

The trial judge did not write an opinion in this case giving the reasoning by which he had arrived at the conclusion that a sentence of six to seven years was proper despite the fact that the defendant was entitled to be treated as a first offender, but in an opinion in an earlier case involving the crime of robbery in the first degree committed by a first offender, he had set forth his reasoning in full (*People* v. *Hilt,* 199 Misc. 886). He reasoned that the provision of section 2189 to the effect that '' the minimum * * * shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum '' (p. 888), constituted the sole standard for the determination of the minimum of the indeterminate sentence. He held that since a minimum sentence was specifically prescribed for robbery in the first degree (and here, for the crime of escape), '' the remainder of section 2189 following the word ' otherwise ' is immaterial to the problem under consideration. The only restraint section 2189 of the Penal Law places upon a court, when the minimum is prescribed by law, is to require the minimum of an indeterminate sentence to be not less than such minimum.'' (P. 889.)

Under this construction of section 2189, there was no upper limit to the minimum of an indeterminate sentence, if the case was one in which a minimum was fixed in the statute prescribing the punishment for the crime. In effect, the court construed the word '' otherwise '' to mean '' in other cases '' and the court held that, since this case was one which came within the first part of the section preceding the semicolon, it could not fall within '' other cases '' and therefore the latter portion of the section, following the semicolon and beginning with the word '' otherwise '', had no application.

The court cited as authority for its construction of the section a decision of this court rendered in 1941 which sustained a sentence of an indeterminate term of not less than twenty-five nor more than thirty years for the crime of robbery in the first degree (*People ex rel. Caiazzo* v. *Wilson,* 262 App. Div. 796). In the *Caiazzo* case, which came to this court upon appeal from a dismissal of a writ of habeas corpus, it appeared that the relator had been convicted of the crimes of grand larceny in

the first degree and assault in the second degree as well as of the crime of robbery in the first degree but, since all the offenses related to the same transaction, the defendant could be punished only for one of them. He had presumably been sentenced for robbery, which carried the longest term (Penal Law, § 1938; *People* v. *Florio,* 301 N. Y. 46, 54). In the *Caiazzo* case, the court did not set forth in full the reasoning by which it determined that the sentence was proper but it referred to the fact that robbery in the first degree was punishable by imprisonment for a minimum of ten years (Penal Law, § 2125) and it must be assumed that the court held that, because of that fact, the latter part of section 2189, beginning with the word " otherwise " was inapplicable. If the court had held that the latter part of section 2189 was applicable, it would have had to hold that the minimum of the sentence could not exceed fifteen years since that was one half of the longest period fixed by law for which the crime of robbery was punishable.

The defendant in the *Caiazzo* case had originally been convicted and sentenced by the County Court of Queens County in 1933. The judgment of conviction had been affirmed by the Appellate Division of the Second Department in 1934 (*People* v. *Caiazzo,* 242 App. Div. 638), but no question as to the legality of the sentence had been raised upon the appeal. However, two years later, in 1936, the Appellate Division of the Second Department held in *People* v. *Lieberman* (248 App. Div. 602) that the minimum of an indeterminate sentence for the crime of robbery in the first degree, in the case of a first offender, could not be more than fifteen years and it accordingly reduced the defendant's sentence from twenty-five to thirty years to fifteen to thirty years. Upon the defendant's further appeal to the Court of Appeals, the judgment of conviction was affirmed (273 N. Y. 524) but, of course, the correctness of the modification of the sentence was not raised in the Court of Appeals.

Subsequently, in 1946, one Ciccione, who had been convicted together with Caiazzo and who had received the same sentence as Caiazzo, applied to the Queens County Court to vacate the sentence. The court held that the sentence was improper and directed that the defendant be resentenced in accordance with the construction of section 2189 laid down in the *Lieberman* case (*People* v. *Ciccione,* 67 N. Y. S. 2d 847).

It may be noted that in the briefs submitted to this court in *People ex rel. Caiazzo* v. *Wilson* (262 App. Div. 796, *supra*) no mention was made of the decision in the *Lieberman* case.

Upon further consideration of the question, we are of the opinion that the decision of the Appellate Division of the Second Department in the *Lieberman* case is sound and should be followed and that the decision of this court in the *Caiazzo* case is unsound and should be overruled.

The holding that the latter part of section 2189 is inapplicable to crimes for which a minimum is prescribed by law gives too great a significance to the word " otherwise " and to the presence of the semicolon and, as a result, distorts the scheme of the statute. We think that the word " otherwise " may fairly be construed to mean " in other respects " or " subject to the foregoing provisions ". So construed, the determination of the minimum of an indeterminate sentence is subject to two criteria: (1) as to the lower limit, it must not be less than the minimum prescribed by law, if one is prescribed for the crime, and, in any event, it must be not less than one year; (2) " in other respects " i.e., as to the upper limit, the minimum must be not more than one half the longest period prescribed for the crime.

There may conceivably be cases in which the two criteria are in conflict, although there is no such conflict in the present case. If there is a conflict as, for example, in a hypothetical case in which the minimum punishment for the crime is fixed at five years and the maximum punishment at seven years, the first criterion prevails and, in the case supposed, the minimum of the indeterminate sentence would have to be five years, rather than a term not to exceed three and one-half years. The provision that where a minimum is prescribed for the crime, the minimum of the indeterminate sentence shall not be less than that minimum, is the primary or controlling direction; the further provision that the minimum of the indeterminate sentence shall not be more than one half the longest period, is a secondary limitation, that is, it is " subject to the foregoing provision ". Construing the statute in this way, we give full effect to the word " otherwise " and still avoid a distortion of the statute.

If the latter part of section 2189 were held not to apply to cases in which a minimum is prescribed by law, the statutory provision for an indeterminate sentence in such cases would be a truncated one. There would be no provision expressly regulating the maximum of the indeterminate sentence. The latter part of section 2189 not only contains the regulation of the upper limit of the minimum of an indeterminate sentence but it also contains the only reference to the maximum of an indeterminate sentence.

It may be worth while to examine the statutory history of the section to see how the ambiguity crept into it. Section 2189 of the Penal Law was derived from section 687a of the Penal Code as added by chapter 425 of the Laws of 1901. This section was in turn derived, with some changes, from section 74 of title II of chapter III of part IV of the Revised Statutes as amended by chapter 382 of the Laws of 1889 (see the history set forth in *People ex rel. Ammon* v. *Johnson,* 114 App. Div. 876). The 1889 statute had conferred upon the court the power in its discretion to impose an indeterminate sentence instead of a definite sentence of imprisonment. The Penal Code section adopted in 1901 made an indeterminate sentence mandatory for first offenders in certain classes of cases.

The minimum and maximum of the indeterminate sentence were specified in the 1901 statute in the following language: '' an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum and the maximum of which shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted.'' Under this statute there was no upper limit to the minimum of the indeterminate sentence, short of the maximum.

The statute remained substantially in this form when it was transferred to the Penal Law as section 2189 of that law by chapter 88 of the Laws of 1909 but it was amended by chapter 282 of the Laws of 1909. The amendment inserted a semicolon after the words '' not less than such minimum '' and immediately thereafter inserted the following words: '' otherwise, the minimum of such sentence shall not be more than one-half the longest period ''.

The insertion of the punctuation mark and the use of the word '' otherwise '' created the ambiguity which has caused the trouble but the purpose of the amendment was plain enough. The obvious purpose was to fix a ceiling on the minimum of an indeterminate sentence so that that minimum could not exceed one half of the maximum term which could be imposed for the crime (unless the minimum prescribed by law for the particular crime was itself longer than one half the maximum).

The whole of the section had been applicable to all offenses prior to the amendment, whether a minimum was prescribed by law for the particular offense or not. It is clear that the Legislature did not intend, by virtue of the amendment, to split the section into two parts and to make the part following the

semicolon inapplicable to crimes for which a minimum term was prescribed by law. There is no basis for attributing to the Legislature an intention to make the newly imposed ceiling upon the minimum of an indeterminate sentence inapplicable in any case in which the statute prescribed a floor under the minimum. The Legislature clearly intended to restrict the discretion of the sentencing judge and to prevent him from fixing so high a minimum in the indeterminate sentence as to defeat the purpose of the provision for indeterminate sentences. That purpose was equally applicable to cases in which a maximum was prescribed for the crime without any minimum and to cases in which both a minimum and maximum were prescribed for the crime (see *People ex rel. Fusco* v. *Ryan,* 124 N. Y. S. 2d 541 [RABIN, J.]).

The court below apparently believed that it found support for its construction of the statute not only in the decision of this court in *People ex rel. Caiazzo* v. *Wilson* (*supra*), but also in a Fourth Department case decided in 1932, *People ex rel. Mason* v. *Brophy* (235 App. Div. 432). But in that case the court merely held that there is no general requirement that the minimum and the maximum in an indeterminate sentence be in the ratio of one to two. The *Mason* case involved a sentence for robbery in the first degree; at that time, the punishment was prescribed by section 2125 of the Penal Law (L. 1926, ch. 436) as " not less than fifteen years "; no maximum was prescribed at all; imprisonment could be for life (Penal Law, § 2191; *People* v. *Roper,* 259 N. Y. 170). Therefore the problem with which we are concerned here, as to the effect of the provision of section 2189 limiting the minimum of an indeterminate sentence to one half of the maximum, did not arise.

Under section 2189 of the Penal Law, as we have here construed it, the minimum of the indeterminate sentence for a first offender for the crime of escape cannot be more than three and one-half years. The defendant's sentence should be modified accordingly.

It is of interest to note that Justice MacAffer at Special Term heretofore independently arrived at this conclusion and held that the minimum of the sentence of a codefendant, who had been indicted with the defendant-appellant for the crime of escape, could not be in excess of three and one-half years (*People* v. *Cole,* 206 Misc. 215).

The judgment appealed from should accordingly be modified, on the law and in the exercise of discretion, by reducing the

sentence of the defendant for the crime of escape to an indeterminate sentence the minimum of which shall be three and one-half years and the maximum of which shall be seven years and, as so modified, the judgment should be affirmed.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Judgment of conviction modified, on the law and in the exercise of discretion, by reducing the sentence of the defendant for the crime of escape to an indeterminate sentence, with a minimum of three and one-half years and a maximum of seven years and, as so modified, the judgment of conviction is affirmed.