George M. Carney, J.
This is a motion for resentence erroneously entitled as a petition for a writ of habeas corpus contesting a sentence imposed on one Juan R. Vasquez. On December 20, 1957 the petitioner was convicted of the crime of assault in the third degree and on February 5, 1958 was sentenced to the New York County Penitentiary for an indeterminate term. Under the pertinent statutes the petitioner could have been confined in a penal institution for not more than one year (Penal Law, §§ 600, 1937) or in a reformatory-type institution for an indeterminate term not exceeding three years (Correction Law, § 203). The reformatory-type sentence is forbidden by law only for any convicted person who was ‘1 mentally or physically incapable of being substantially benefited ” by reformatory treatment (Correction Law, § 203, subd. [e], par. 3). After hearing the petitioner at the time he entered his plea of guilty and after a reading of a complete probation report including a psychiatric examination, I chose *375 to sentence him to a reformatory-type sentence finding him to be a person not incapable of such benefit.
A writ of habeas corpus is not available to attack the sentence since this court had jurisdiction of his person and of the crime with which he was charged and the power to declare the particular sentence meted out to him (Matter of Hogan v. Supreme Court of New York, 295 N. Y. 92, 97). It is only when the “petitioners” sentence is for a term longer than authorized by statute (People ex rel. Carollo v. Brophy, 294 N. Y. 540, 542) that habeas corpus may be invoked to correct it (People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 591, 592; People ex rel. Milton v. Jackson, 297 N. Y. 708). The matter of sentencing appeared on the face of the record. It does not appear that the petitioner has appealed from his conviction in this case. No reason is shown why he should have this additional remedy besides appeal which he failed to use. Since habeas corpus is the wrong remedy, the question of the propriety of the sentence cannot be considered (People ex rel. Kern v. Silberglitt, 4 N Y 2d 59).
The motion is in all respects denied.
The District Attorney is directed to enter an order in conformance with the decision herein rendered and to forward a copy of said order to the defendant.