In the Matter of the Application of CHARLES J. DODD, District Attorney of Kings County, Respondent, for a Peremptory Mandamus Order against GEORGE W. MARTIN, Individually and as County Judge of Kings County, and the COUNTY COURT OF KINGS COUNTY, Appellants, Impleaded with FRED TAGLERINE, Alias FREDERICK TRIGLINERI, Defendant.

Second Department, May 15, 1928.

*Harry G. Anderson [Ralph E. Hemstreet* with him on the brief], for the appellants.

*Henry J. Walsh, Assistant District Attorney [Charles J. Dodd, District Attorney,* with him on the brief], for the respondent.

Scudder, J. The facts herein are not disputed.

On July 16, 1917, Fred Taglerine was convicted in the County Court of Kings county of burglary in the third degree.

On October 21, 1926, he was indicted in the County Court of Kings county for burglary in the third degree and attempted grand larceny in the second degree as a second offender.

On October 21, 1926, he was arraigned on his said indictment and pleaded guilty to burglary in the third degree as a first offender.

On November 16, 1926, he was sentenced by the court, Judge Martin presiding, to a definite term of two and one-half years in Sing Sing Prison.

On September 19, 1927, the warden of Clinton Prison at Dannemora, to which prison Taglerine had been transferred from Sing Sing Prison, reported the conviction of July 16, 1917, to the district attorney of Kings county, information of which, of course, the district attorney already had.

On December 7, 1927, the district attorney filed such information in the County Court.

On December 13, 1927, the court, on such information, made an order directing the warden to produce Taglerine in the County Court in Kings county for trial on such information.

On January 20, 1928, the plea made by Taglerine on October 21, 1926, was set aside by the court and a plea of petit larceny accepted. Taglerine was thereupon sentenced to a term of nine months in the county jail of Kings county, where he is now confined.

The learned district attorney of Kings county thereafter moved at Special Term for a peremptory mandamus order, which was granted, directing the appellants to vacate the order of January 20, 1928; to restore the plea of guilty made on October 21, 1926, and arraign the prisoner to be tried before a jury on the information filed on December 7, 1927, in accordance with the provisions of section 1943 of the Penal Law.

The consideration of this appeal is simplified by the concession by the learned county judge of the point taken by the district attorney, that the action of the county judge in setting aside the original plea of guilty of burglary in the third degree as a first offense and in accepting in its stead a plea of guilty of petit larceny, was not in accordance with the law.

The determination of the question at issue involves consideration of section 1941 of the Penal Law, the amendment to section 1942 thereof and the new section 1943 thereof, adopted in 1926. (See Laws of 1926, chap. 457.)

Under these sections, as they are now framed, it seems to have been the purpose of the Legislature to create a new and exclusive procedure for dealing with prior offenders.

A second offender, to be amenable to punishment as such, need not be charged in the indictment and convicted as such. It suffices, when attention is called to the record of the previous convictions, to file an information accusing the prisoner as a second offender, and to cause him to be produced in court for the purpose of pleading to such information, and to require, if such be necessary, a trial to be had of the issue raised by such previous conviction; and the fact being established, the further sentence under section 1943 must be imposed.

It was plainly the purpose of the Legislature to reach out and place its ban upon those repeatedly offending its laws, whether a jury denominates such offenders as first offenders or not, or whether courts do the same by accepting ·pleas of guilt as first offenders when the accused actually are second or third offenders. It is not the character of the plea that counts, that is to say, whether it is a first or second or third offense, but it is the number of convictions registered against the offender which controls.

The peremptory mandamus order should be affirmed.

RICH, YOUNG and SEEGER, JJ., concur; LAZANSKY, P. J., dissents and reads for reversal in a separate memorandum.

LAZANSKY, P. J. (dissenting). Defendant was indicted for burglary in the third degree as a " second offense " and attempted grand larceny in the second degree as a " second offense." The charge in the indictment that the defendant is a " second offender " is a part of the body of the crime and must be alleged in the indictment and proved on the trial. (*People* v. *Sickles*, 26 App. Div. 470; affd., 156 N. Y. 541. See, also, *People* v. *Rosen*, 208 N. Y. 169.) When the defendant was arraigned for pleading, he pleaded guilty to burglary in the third degree as a " first offender." Although at the time of pleading he admitted he was a " second offender," his plea of guilt as a " first offender " was accepted. A conviction after plea of guilt has the same binding force and effect as a trial of the charge under an indictment, and thus a conviction as a " first offender " is a bar to a further sentence under section 1943 of the Penal Law (as added by Laws of 1926, chap. 457). It might be said that, under the circumstances, the

indictment was in effect amended by omitting the allegation of " second offense " and that the plea of guilt was to the charge in the indictment as thus amended. But the court, with full knowledge that defendant was a " second offender," accepted a plea of guilt as a " first offender." The purpose of this undoubtedly was to avoid the consequences to defendant of section 1943 of the Penal Law. Having proceeded upon this basis, the determination that defendant is a " first offender " is a bar to a further sentence, as provided in section 1943 of the Penal Law. The language of section 1943 does not require a different holding. Since the only question considered is whether or not defendant should receive a further sentence under section 1943 of the Penal Law, the motion should have been denied.

Peremptory mandamus order affirmed.