THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN SPELLMAN, Defendant.

Supreme Court, Erie County, March 4, 1930.

26

*Leo J. Hagerty, Assistant District Attorney,* for the plaintiff.

*Matthew Weimar,* for the defendant.

HINKLEY, J. The above-named defendant is appearing for sentence upon a conviction of burglary, third degree, after a trial. An information filed by the district attorney alleges that on April 28, 1922, at the city of Buffalo, N. Y., he was convicted upon a charge of burglary, third degree, and sentenced to Auburn State Prison for an indeterminate sentence of from two to four years; that on January 19, 1924, in the Cayuga County Court at Auburn, N. Y., he pleaded guilty to seven indictments, each for burglary, third degree, and grand larceny, second degree, after a previous conviction of a felony, and was sentenced upon all indictments to a term of seven years in Auburn State Prison. Upon arraignment for sentence herein, he was informed of his rights, and admitted

his identity as the person so convicted and sentenced for the former offenses.

There is thus presented the question of whether this defendant must now receive a life sentence as a fourth offender under section 1942 of the Penal Law.

The practice of pyramiding pleas of guilty upon indictments simultaneously found against men ordinarily not represented by experienced counsel, has never obtained in Erie county. Here we mete out sufficient punishment upon one or more of the pending indictments to cover all of the crimes charged against the defendant, and then suspend sentence upon or dismiss the remaining indictments. The necessity for a uniform practice throughout the State is indicated in this opinion. Under the form of procedure adopted in Cayuga county, this defendant is technically a sixteenth offender. For after a previous conviction he pleaded guilty, as shown by certified copies of the indictments, to seven indictments, each setting forth such previous conviction and each containing two not inconsistent crimes (Penal Law, § 406; *People* v. *Snyder*, 241 N. Y. 81), that of burglary, third degree, and grand larceny, second degree. The certified copy of judgment discloses that after his "having been, on his plea of guilty, convicted on all seven indictments, he was sentenced to the State Prison at Auburn, N. Y., for the term of seven years. Said sentence to begin at the expiration of previous sentences, and to run concurrently with all sentences imposed as of this date upon all of said seven indictments."

The minimum sentence for a second offender upon a conviction of either burglary, third degree, or grand larceny, second degree, at that time was five years. (Penal Law, §§ 407, 1297, 1941.) It might be argued that after his pleas of guilty to the seven two-count indictments, the mandatory minimum sentence was seventy years.

Concededly, the sentences were all imposed after the conviction of the fourteen felonies, and the sentences were in violation of section 2190 of the Penal Law, which is, and was at that time, as follows: "Where a person is convicted of two or more offenses, before sentence has been pronounced upon him for either offense, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced."

The sentencing judge might have avoided the provisions of the section just quoted by taking a plea upon one count of an indictment and immediately imposing sentence before taking a plea to the second count or another indictment, and so continued to and

through the fourteenth plea and sentence. In this manner the judge could have created a field uncovered by the mandate of section 2190 of the Penal Law, and have filled the gap at his pleasure. (*People* v. *Ingber*, 248 N. Y. 302, 307.)

The pyramiding of convictions and sentences at the time when these were had and pronounced was more or less harmless in the light of the fourth-offender statute then in force. While under the new fourth-offender statute, if technically construed differently than herein set forth, a most serious situation would confront a defendant upon whom convictions were piled.

The former statute, section 1942 of the Penal Law, was seldom invoked because it was then necessary to allege the previous offenses in the indictment and prove them upon the trial of the pending charge. Jurors were hesitant to convict because public sentiment had not yet commenced to demand drastic punishment. It is readily apparent how important a fact the number of former convictions become in the light of the interpretation of section 1942 of the Penal Law (as amd. by Laws of 1926, chap. 457), as interpreted in the case of *People* v. *Gowasky* (244 N. Y. 451).

The concededly illegal sentences imposed upon defendant upon the seven indictments, to run concurrently, present most interesting questions. The defendant served his time, and of course would not ask that the sentences be revoked and made to run consecutively, whether as sentences they are void or voidable. If the latter, who can or will complain? What is the effect of these sentences upon the status of defendant upon the pending conviction? Has there been a legal conviction and sentence upon the first indictment, and if so, has sentence been suspended upon the other six indictments or has execution of the sentence been suspended upon the other six indictments? If the latter, shall we say that judgment has been pronounced upon all seven indictments? Will the courts eventually decide that in determining the status of a fourth offender a suspension of sentence is not, but that a suspension of execution of sentence is a previous conviction? The Legislature evidently found it necessary to define a suspension of execution of sentence as a conviction, so far as second offenders are concerned. (Code Crim. Proc. § 470-b.) The court may have difficulty in construing the intention of the Legislature, for that section provides that "if judgment be *not* pronounced * , * * the plea or verdict and * * * suspension of sentence or suspension of execution of the whole or a part of the *judgment after sentence* shall be regarded as a conviction." One court has determined that this section should not be applied to the fourth-offender statute. (*People* v. *Schaller*, 224 App. Div. 3, 8.) Surely, these questions and innumer-

able others that might be presented indicate that the trial court's discretion should be broadened rather than narrowed.

These questions, however, need no answer at this time, because we cannot construe each of the Cayuga county pleas as a unit embodying a complete legal conviction, in order to make mandatory a life sentence upon this defendant at this time. There is no great urge to be compelled to invoke upon this comparatively young unfortunate a life sentence, neither need we waste much sympathy upon one to whom burglary is almost if not quite a habit.

The courts have, however, humanely and justly required a mandatory life sentence only after three or more fully completed, legal, prior judgments of conviction, separated sufficiently to offer opportunity for the felon to reform. (*People* v. *Bergman*, 176 App. Div. 318; *People* v. *Schaller*, 224 id. 3, 8; *People ex rel. Gaczewski* v. *Jennings*, 223 id. 78.)

Taking the view that the sentence upon the seven indictments constituted a judgment of conviction, then we would still find no justification for a mandatory life sentence by determining the status of the indictment upon an illegal judgment, whether it be void or voidable, and whether we take it as a whole or separate it. To determine " guilt in another proceeding in its bearing upon the status or rights of the individual in a subsequent case,  *  *  *  a ' conviction ' is not established  *  *  *  unless it is shown that a judgment has been pronounced upon the verdict." (*People* v. *Fabian*, 192 N. Y. 443, 452.)

The conclusion must follow that this defendant can be charged with but one, or at most two, previous convictions, measured by the judicial standard, and is not a fourth offender, under section 1942 of the Penal Law. The purpose of this opinion is to prevent any attempt, at a future day, to resentence this defendant, under section 1943 of the Penal Law, upon the charge involved herein.