THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH J. BRAVATA, Relator, *v.* VERNON A. MORHOUS, as Warden of Great Meadow Prison, Defendant.

Supreme Court, Special Term, Washington County, July 2, 1946.

*Maurice Edelbaum* and *Joseph J. Bravata,* in person, for relator.

*Nathaniel L. Goldstein, Attorney-General (George A. Radz* of counsel), for defendant.

IMRIE, J. By writ of habeas corpus, returnable at Hudson Falls, New York, on June 14, 1946, relator asks to be remanded to the Cayuga County Court for resentence on conviction therein on December 30, 1929.

He was convicted of the crime of grand larceny in 1921 and sentenced to Elmira Reformatory. On June 2, 1926, he was three times indicted by the Kings County Grand Jury and in each indictment charged with the crimes of robbery, first degree, grand larceny, second degree, and assault, second degree, committed respectively, on May 17, May 28, and June 1, 1926. He was arraigned June 22, 1926, and pleaded guilty to the crime of robbery, first degree, as charged in each of the indictments; he waived the statutory two-day waiting period and was sentenced by the court on indictment 53000A to twenty years in Sing Sing Prison, and on indictment 53000B to twenty years in Sing Sing Prison, the sentences to run consecutively. On indictment 53000C, the court suspended sentence. Subsequently, he was transferred to Auburn Prison, and while there under sentence, he became involved in a prison riot. He was tried for the latter crime, found guilty by the jury, and was sentenced by the Cayuga County Court as a fourth offender to life imprisonment, such term to commence at the expiration of all previous sentences. On March 22, 1930, he was transferred to Great Meadow Prison where he is now confined.

He now contends that the Cayuga County Court erred in sentencing him as a fourth offender; that the convictions in the Kings County Court should count but one conviction because no interval of time elapsed between the two sentences there imposed upon him. A previous writ of habeas corpus was dismissed upon the ground that it was premature, the relator not then having completed the Kings County sentences. He is now held under the latest sentence and consideration is now given to its correctness.

That sentence was imposed under section 1942 of the Penal Law (as amd. by L. 1936, ch. 328). Reference has been made by both parties to the present reading of the last sentence of that section, which is as follows: " For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

Relator asserts that the Legislature, in writing section 1942, contemplated that an opportunity would be given to a defendant to have served a prison sentence before he could be adjudged an habitual criminal and a fourth felony offender.

In support of this contention he cites a dictum of Mr. Justice HINKLEY in the case of *People* v. *Spellman* (136 Misc. 25, 29) to the effect that life sentences should not be imposed because of successive crimes unless " separated sufficiently to offer opportunity for the felon to reform." He cites *People ex rel. Carollo* v. *Brophy* (263 App. Div. 238) as impliedly approving Justice HINKLEY's decision.

There was no consolidation of the Kings County indictments. In 1926, section 279 of the Code of Criminal Procedure permitted one crime and in one form to be charged in an indictment, except where the acts complained of constituted different crimes, in which event those crimes could be charged in separate counts in the same indictment. Section 279, as added in 1936 (L. 1936, ch. 328), provides that different crimes committed at different times and at different places may be joined in one indictment but in separate counts thereof, provided such crimes are connected together or constitute parts of a common scheme or plan. When the relator was sentenced, this provision for the consolidation of indictments was not in effect.

In the *Spellman* case (*supra*), Mr. Justice HINKLEY found that the manner in which Spellman had been sentenced was improper and illegal, and, by inference at least, found that Spellman must be found to have been convicted and sentenced upon only one of the several indictments. In the *Carollo* case (*supra*), the court, in commenting upon the decision in the *Spellman* case (*supra*), pointed out that the sentencing court had treated Spellman's seven convictions as one, and that the facts in the *Carollo* case (*supra*) were totally unlike the facts in the *Spellman* case (*supra*).

The Kings County Court, in imposing sentence upon the relator, avoided the errors pointed out by Mr. Justice HINKLEY in the *Spellman* sentence.

Section 1942 is precise in its terms and its language is clear and unequivocal: "A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies * * * shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment * * *." It is harsh in its impact upon the individual, and in many instances we feel that it is unduly harsh. The principle enunciated by Mr. Justice HINKLEY is undoubtedly one dictated by humane considerations. The Legislature has indicated an intent, in specified cases, to mitigate the harshness of the statutory rule, by the words contained in the last sentence of the section. The latest change was inserted as late as 1936. The history of the section indicates clearly a continuing legislative scrutiny and consideration, from time to time, of its effects upon individuals subject to its penalties.

I can find no justification for reading into the statute a legislative intent that, in substance, one is not to be treated as an habitual criminal unless the repeated offenses of which he has been convicted occurred after the serving of a sentence and the lapse of a period of time between convictions and sentencings to meditate upon the advantages or disadvantages of a further life of crime.

Submit order dismissing the writ and remanding the relator to defendant's custody.