THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
BENJAMIN ROCKOWER, Appellant.

Argued April 8, 1947; decided May 22, 1947.

*Joseph Lonardo* for appellant. I. Defendant's attendance and testimony in Kings County was compulsory as a matter of law, and the reception of testimony by defendant during the prosecution's case in chief, violated the constitutional right against self-incrimination. (*People* v. *Ferola,* 215 N. Y. 285; *Counselman* v. *Hitchcock,* 142 U. S. 547; *People ex rel. Lewisohn* v. *O'Brien,* 81 App. Div. 51, 176 N. Y. 253; *People* v. *Gillette,* 126 App. Div. 665; *People* v. *Cummins,* 153 App. Div. 93; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *People* v. *Bermel,* 71 Misc. 356.) II. The trial court erred in its rulings concerning the Kings County District Attorney's promise that defendant's testimony in Kings County would not be used, in excluding testimony concerning the making of the promise, and in the instructions. (*People* v. *Reilly,* 224 N. Y. 90; *Matter of Greenleaf,* 176 Misc. 566; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *Matter of Snitkin* v. *Taylor,* 276 N. Y. 148.) III. If the Assistant District Attorney of Kings County made the promise, the State was bound to enforce it in all its courts, on principles of honor. (*People* v. *Reilly,* 224 N. Y. 90.) IV. If the Assistant District Attorney of Queens County made the promise, it was binding and operated to make defendant's testimony in Kings County incompetent. (*People* v. *Elmore,* 277 N. Y. 397.) V. Over defendant's claim of privilege against self-incrimination, the court directed defendant to answer whether his Kings County testimony was the truth. This was error. (*Matter of Siegel* v. *Crawford,* 266 App. Div. 878, 292 N. Y. 651.)

*Charles P. Sullivan, District Attorney (Henry W. Schober* of counsel), for respondent.   I. Defendant's testimony in Kings County was properly admitted.   (Wigmore on Evidence, § 2268; *United States* v. *Price,* 163 F. 904; *People* v. *Buffalo Gravel Corp.,* 195 N. Y. S. 940; *People* v. *Cummins,* 153 App. Div. 93; *People* v. *Reilly,* 224 N. Y. 90; *People* v. *Tru-Sport Publishing Co.,* 160 Misc. 628; *People* v. *Neff,* 191 N. Y. 286; *People ex rel. Gardenier* v. *Board of Supervisors,* 134 N. Y. 1; *People* v. *Ferola,* 215 N. Y. 285.)   II. Defendant was not improperly required to testify.   (*Connors* v. *People,* 50 N. Y. 240; *People* v. *Brown,* 203 N. Y. 44; *People* v. *Webster,* 139 N. Y. 73; *People* v. *Trybus,* 219 N. Y. 18.)

LEWIS, J.   An indictment by a grand jury of Queens County accused the defendant Rockower of the crimes of burglary in the third degree and grand larceny in the second degree committed on June 13, 1941, when, according to the charge, he broke into a store in Elmhurst with intent to commit larceny and there stole property of the value of $362.   The defendant's first trial in the County Court of Queens County resulted in a judgment convicting him as a fourth offender, which judgment was subsequently reversed on errors of law and a new trial was ordered.   (*People* v. *Rockower,* 266 App. Div. 781, affd. 292 N. Y. 655.)   At the close of evidence on the second trial and prior to submission of the case to the jury, the charge of grand larceny was dismissed on motion by the District Attorney.   Following affirmance by the Appellate Division of the judgment of conviction, the record of the second trial comes to us on appeal by the defendant upon a certificate by a member of this court that a question of law is involved which ought to be reviewed.   (Code Crim. Pro., § 520, subd. 3.)

The burglary alleged to have been committed by the defendant on June 13, 1941, led to his arrest on July 8, 1941.   On the latter date three men were being held in custody in Kings County charged with being receivers of stolen property including items which the defendant was charged with having stolen on June 13th in Queens County.   It was in those circumstances that the defendant, while under arrest and prior to his indictment, was questioned by a representative from the office of the District Attorney of Queens County relative to his knowledge as to the

disposition made of the property which had been stolen on June 13th. According to testimony given by the defendant on the present trial it appears that there was also an occasion, prior to his own first trial, when he told an Assistant District Attorney of Queens County that his testimony was wanted in connection with the prosecution in Kings County of the receivers of the stolen property. Thereupon, according to the defendant's testimony, the Queens County Assistant District Attorney said to him — " You go ahead and testify and I will promise you that this testimony will not be used against you at this time or your trial ". In connection with that testimony the defendant also stated — without objection by the prosecution — that if he had not received the " promise " which he asserts was made by the Assistant District Attorney of Queens County he would not have testified in the Kings County trial. Thereafter, the defendant testified at a trial in Kings County as a witness for the People against three men who were accused of being the receivers of property stolen in Queens County. At that time he gave evidence which implicated himself in the burglary which had occurred in Queens County on June 13th. The fact is noted that the testimony given by the defendant in the Kings County trial was not offered by the prosecution as evidence against him on his first trial in Queens County. However, upon his second trial — which is the case now before us — the testimony given by the defendant in the Kings County trial was received in evidence, despite appropriate objections and exceptions interposed in behalf of the defendant.

It should be said at this point that when the Assistant District Attorney of Queens County, from whom the defendant claimed to have received the " promise " quoted above, was called as a witness for the prosecution in the present case, he denied that he ever made a statement from which the defendant could infer a promise that if the defendant testified in the Kings County trial his testimony would not be used by the prosecution upon the trial of an indictment against him in Queens County.

That denial by the Assistant District Attorney of testimony previously given by the defendant was a challenge to the defendant's veracity. The credibility of his testimony upon an important phase of the People's case thus became a question which

was exclusively within the scope of the jury's function. However, in presenting the case to the jury the Trial Judge failed in his main charge to mention either the defendant's testimony concerning the promise upon which he claimed he had relied when he testified in the Kings County trial or the testimony by the Assistant District Attorney who denied that he had made such a promise. Thereupon counsel for the defendant requested the Trial Judge to charge — "That if the jury find that the testimony in Kings County was given by defendant upon a promise of Assistant District Attorney Short of Queens County that it would not be used against him anywhere, that the whole of the testimony must be excluded from the jury's consideration". Ruling upon that request the Trial Judge stated — "That I refuse to charge, ladies and gentlemen. On the contrary I charge you that that is not the law."

We think the defendant's exception to the ruling last quoted above was well taken. In *People* v. *Reilly* (224 N. Y. 90) this court — when dealing with a like problem — had occasion to say, per Hiscock, Ch. J., (pp. 94–95): "Instances are constantly occurring where a district attorney in the interest of justice and for the purpose of detecting crime has made and carried out some promise of immunity or favor to a person suspected of or charged with crime. * * * Nothing was lost and no principle of public policy was violated by the promise of the district attorney that if he would talk, what he said should not be used against him. And of course power to make the stipulation involved the duty to observe it. In fact we think it would be extremely detrimental to the administration of justice if it should be established that a district attorney need not keep with an accused person such an agreement as was made in this case, and that such a rule ought not to be established unless compelled. We do not think that there is any statute which forbade the stipulation or which overrides it."

As we view the present record the ruling was prejudicial error which withdrew from the jury's consideration the question whether, when the defendant testified in the Kings County trial and there implicated himself in the burglary for which he had previously been indicted in Queens County, he did so, in truth, relying upon a promise by an Assistant District Attorney of Queens County that any testimony given by him in the Kings

County trial would not be used against him when his own trial in Queens County should occur. We also find prejudicial error in the ruling by the Trial Judge that " Any promise made by Mr. Rooney of the District Attorney's office in Kings County may have no effect here."

The judgments should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.