THE PEOPLE OF THE STATE OF NEW YORK EX REL. LEO J. LEWIS, Respondent, against JOHN F. FOSTER, as Warden of Auburn State Prison, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, December 31, 1947.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor General; Patrick H. Clune* and *William S. Elder, Jr., Assistant Attorneys-General* of counsel), for appellants.

*Earle C. Bastow, District Attorney,* for The People of the State of New York, appellant.

*Leo J. Lewis,* respondent in person.

HARRIS, J. The People of the State of New York appeal from an order at Special Term, which order sustained a writ of habeas corpus and directed that the relator be returned to the County Court of Cayuga County to be arraigned on a " proper information * * * and resentenced ".

By petition, the relator (now respondent in this court) sought his release from State prison on the ground that he was illegally held, or, in the alternative, his return for resentence.

The facts before Special Term, on which the order, from which appeal is now taken, was granted, are as follows:

On December 4, 1928, by the verdict of a jury, the relator was found guilty of the crimes of burglary, third degree, and grand larceny, second degree. On December 7th, of the same year, he was arraigned on an information laid by the district attorney, wherein it was charged that prior to the conviction of December 4, 1928, the relator previously had been convicted of three felonies set forth in such information as being a conviction January 31, 1918, of burglary in the third degree, and grand larceny in the second degree; on the first day of March, 1921, of the crime of burglary in the third degree, and grand larceny in the second degree; and on February 7, 1922, of a conviction for escape. On arraignment on such information, he stood trial on the same and the trial jury found him to be the same person who had committed these three enumerated felonies; therefore, on the 7th day of December, after such verdict was returned, and on his waiver of any adjournment, he was sentenced for his conviction of December, 1928, to

State prison for his natural life. For some irregularity in his commitment, the detail of which does not appear in the record, he was subsequently resentenced by the Cayuga County Court October 18, 1945, as of December 7, 1928, to State prison for the term of his natural life. It is conceded by the People, and there can be no doubt, that this defendant was not convicted on March 1, 1921, of any crime. The relator does not attack the finding of the jury as to his conviction of the other two felonies mentioned in the information laid December 4, 1928. He rested his claim at Special Term for release or resentence solely on the fact that he was never convicted on March 1, 1921.

The appellant here (the People) claims that habeas corpus does not lie herein, but for reasons hereinafter stated it is not necessary to pass on such contention; however, it would appear that if the relator at the time of his sentence in December, 1928, had previously been convicted of only two felonies, then, by operation of law, a sentence as a third offender would have expired by this time, and so habeas corpus probably could lie. On this record, it is clear that the relator should not have been sent back for resentence by the order of the Special Term, from which order appeal is now taken. He stated in his petition that on or about January, 1921, he had been committed to the New York State Reformatory at Elmira, on conviction of the crime of grand larceny, second degree, and he establishes that fact not only by his own statement, but by the records of the Elmira Reformatory. Thus, the Special Term in this proceeding had before it the finding of the jury in December, 1928, that the relator at least twice before his conviction of December, 1928, had been convicted of felonies, and the relator's own admission that in January, 1921, he had been convicted and sentenced for a felony, to wit: grand larceny, second degree. Under these circumstances, it would be an idle formality to require that the relator be resentenced. The order from which appeal is here taken should be reversed, on the law and facts, without costs of this appeal to any party the petition herein dismissed, and the relator remanded to the custody of the warden of Auburn State Prison. (See *People* v. *Gowasky,* 244 N. Y. 451; Penal Law, §§ 1942, 1943.)

All concur. Present — TAYLOR, P. J., HARRIS, McCURN, LARKIN and LOVE, JJ.

Order reversed on the law and facts, without costs of this appeal to any party, writ dismissed, and relator remanded to the custody of the warden.