THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. PLOISER, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

Supreme Court, Special Term, Cayuga County, July 10, 1948.

*Jesse Perlmutter* for relator.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.,* of counsel), for defendant.

WARNER, J. The relator, William A. Ploiser, was indicted by the Grand Jury of Westchester County for the crime of burglary third degree. Upon a plea of not guilty, a trial was had and the jury returned a verdict of guilty as charged on October 1, 1947. Upon arraignment for sentence on November 10, 1947, the District Attorney filed an information charging relator with three previous felony convictions. Relator duly admitted the allegations of this information, whereupon he was sentenced to Sing Sing Prison for an indeterminate sentence of not less than fifteen years nor more than his natural life.

On April 15, 1948, while relator was an inmate of Auburn State Prison, a writ of habeas corpus was granted by this court returnable on April 24, 1948. The relator was brought before this court on that date and contended, through counsel, that he was improperly sentenced, on November 10, 1947, as a fourth offender, under section 1942 of the Penal Law, and that he should have been sentenced as a third offender under section 1941 of the Penal Law.

The record shows that relator pleaded guilty to an indictment of burglary third degree in Westchester County Court on March 1, 1934, and was sentenced to two to four years in New York State prison. On or about March 7, 1940, relator pleaded guilty in the Court of Special Sessions of the County of Bergen, New Jersey, to the crime of breaking, entering and larceny, committed on November 8, 1939, in the borough of Palisade Park, Bergen County, New Jersey, and was sentenced to State prison for three and a half to seven years. The Grand Inquest of the State of New Jersey, Hudson County, at the December, 1939, Term of Hudson Oyer and Terminer returned five indictments against relator, each for the crime of breaking, entering and larceny, committed in the township of North Bergen.

On October 8, 1943, in the Court of Quarter Sessions, Hudson County, New Jersey, relator pleaded guilty to all five crimes and on October 14, 1943, was sentenced to State's prison for three to seven years, sentence to run concurrently with that imposed in Bergen County, New Jersey, which sentence relator was at that time serving.

It is relator's contention that the New Jersey convictions and the sentences thereon, which were served concurrently, constitute but one offense, rather than two; and that before the mandatory life sentence could be imposed, it must be shown that the relator has completed sentences upon three or more legal prior judgments of conviction, each of which was separated one from the other. Such is the question to be decided, the deter-

mination controlling whether relator was properly sentenced as a fourth offender or whether he should have been sentenced as a third offender.

Punishment for a fourth conviction of felony is enunciated by section 1942 of the Penal Law. The pertinent provisions of the statute are as follows: "A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony, other than murder, first or second degree, or treason, within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a felony as the fourth or subsequent, offense, shall not be less than fifteen years, and the maximum thereof shall be his natural life.  *  *  *  For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

Relator relies on the case of *People* v. *Spellman* (136 Misc. 25) and the dictum of Justice HINKLEY therein that (p. 29): "The courts have, however, humanely and justly required a mandatory life sentence only after three or more fully completed, legal, prior judgments of conviction, separated to offer opportunity for the felon to reform."

I find no basis for reading into the statute a requirement that to be adjudged an habitual criminal, the previous crimes of which the offender has been convicted must be separated so as to give the offender such opportunity. The offender is entitled to the protection of the last sentence of section 1942. Any further protection must likewise come from the Legislature. This view is supported by the decision in the case of *People ex rel. Bravata* v. *Morhous* (186 Misc. 893), cited by respondent.

The two New Jersey convictions were separate and distinct. One was had in Bergen County, the other in Hudson County. The crimes were separate and distinct. The fact that sentence under the Hudson County conviction provided that the three-to seven-year sentence should run concurrently with the previous Bergen County sentence which relator was already serving,

does not merge the two convictions so as to constitute but one conviction under said section 1942.

Relator was three times convicted of felonies, prior to his fourth conviction in Westchester County. His contention is, in effect, that he is entitled, in sequence, to commit one crime, receive sentence therefor, commit a second crime and receive sentence therefor, and commit a third crime and receive sentence therefor, before he can properly be adjudged and sentenced as a fourth offender. He argues that this is the aim and object of the law. The Legislature has not so expressly provided. (*Matter of Terwilliger* v. *Turk,* 156. Misc. 246.)

Relator was properly sentenced as a fourth offender. The sentence pronounced against the relator by Westchester County Court will not be changed. The relator should be returned to Auburn State Prison in accordance with the provisions of the commitment heretofore made. Submit order in accordance with this decision.