THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN GORNEY, Alias JOHN KELLY, Alias ALBERT ANDERSON, Defendant.

Supreme Court, Special Term, Kings County, February 6, 1951.

*Miles F. McDonald, District Attorney* (*Aaron Nussbaum* of counsel), for plaintiff.

*Joseph Lonardo* for defendant.

HART, J. Defendant moves in the nature of a writ of *coram nobis* for an order vacating a life sentence as a fourth offender, which was imposed in this court after a conviction upon trial for robbery in the first degree on May 25, 1921. The indictment charging him as a fourth offender having been transferred from the Kings County Court for trial here, the verdict of the jury in accordance with the practice then prevalent, in addition to finding him guilty of robbery, found him to be a fourth offender. In June, 1931, defendant's sentence was commuted by the Governor and he was released on parole. Upon conviction for a misdemeanor in 1941, the parole was revoked and the life sentence reinstated by the Parole Board.

The underlying felony convictions upon which the fourth offender charge was predicated in the indictment are set forth therein as follows:

(1) Conviction on March 27, 1916, upon a plea of guilty of attempted burglary, third degree, in the County Court of Kings County, before Judge FAWCETT upon which sentence was suspended.

(2) Conviction on November 26, 1917, upon a plea of guilty of burglary in the third degree in the County Court of Kings County before Judge ROY and sentenced to the County Jail for one day (the plea of guilty was as a " first offender "; the crime had been committed on Nov. 3, 1916, and the plea was entered on Nov. 20, 1916).

(3) Conviction on November 26, 1917, upon a plea of guilty of burglary in the third degree in the County Court of Kings County before Judge ROY and sentenced to the New York County Penitentiary (the plea of guilty was as a " first offender "; the crime was committed on Nov. 8, 1917, and the plea was entered on Nov. 15, 1917).

(4) Conviction on December 6, 1920, upon a plea of guilty of attempted burglary in the third degree in the Kings County Court before Judge MAY and sentenced to six months in the County Jail (the plea of guilty was as a " first offender ").

The felony of robbery upon which the defendant was convicted in 1921, and upon which the life sentence was rendered was therefore the fifth felony judgment of conviction. It is conceded by the People that for the purpose of determining whether the defendant is a fourth offender within the meaning of section 1942 of the Penal Law the plea of guilty on which the sentence was suspended may not be considered. Moreover, upon a *coram nobis* proceeding that judgment has been vacated by order of Kings County Court Judge MARASCO on June 23, 1950.

On September 8, 1942, Mr. Justice MacCrate at Special Term denied defendant's motion, prosecuted in person, to vacate the life sentence on some of the same grounds as are now urged. The District Attorney contends that that disposition is *res judicata*. Courts, however, are loath to apply that doctrine to a *coram nobis* proceeding, particularly where, as here, no right to appeal from the order of denial existed at the time of the disposition (*Matter of Bojinoff* v. *People*, 299 N. Y. 145; *People* v. *Martine*, N. Y. L. J., Jan. 17, 1951, p. 211, col. 1).

Defendant's contentions in support of his claim that the sentence as a fourth offender was illegal are set forth *ad seriatum* and are disposed of in like manner:

(1) That in accepting pleas of guilty as a " first offender " to each of the first four indictments the State entered into an express bilateral contract with him that could not be altered in procuring an indictment for a subsequent felony wherein he was charged as a fourth offender. It is contended that the contract was breached, violating a status endowed by the agreement which the State was estopped from repudiating and which in honor it was bound to maintain. Predicated on defendant's theory of contract it is his plea that in view of its breach the court exercise its plenary equitable powers to permit a rescission and a withdrawal of those pleas of guilty.

It is contended that since the indictment, for the conviction of which the defendant received a life sentence, failed to recite that the pleas of guilty to the former convictions in the County Court were as " first offense ", the matter is an error of fact dehors the record which may be corrected in the *coram nobis* proceeding pending before this court.

Defendant's authority for the theory that a contract was made and breached is based on the opinion of Kings County Court Judge Taylor in *People* v. *Simmons* (130 Misc. 821, 830). The greater weight of authority is to the contrary. In *Matter of Dodd* v. *Martin* (248 N. Y. 394) on an indictment charging a defendant with burglary in the third degree as a first offender upon a plea of guilty as a second offender, the Court of Appeals in sustaining an order for peremptory mandamus compelling the sentencing of the defendant as a second offender stated (pp. 397, 398-399): " When the defendant is convicted, he may be for the first time confronted with his record. If it then appears that he is a second offender he is sentenced to the severer punishment. * * * But the prisoner was not tried on the indictment charging him as a second offender. He pleaded guilty to burglary, third degree, as a first offense. The plea is

separable. It contains two elements, a plea of guilty and a denial of a prior conviction. The guilt is of the crime of burglary in the third degree, the remainder of the plea is descriptive of the character of the offender.

" There are three kinds of plea to an indictment: guilty, not guilty and former conviction or acquittal. (Code Crim. Pro. § 332.) A plea may be accepted of guilty to any lesser crime than that charged in the indictment. (Code Crim. Pro. § 334.) The crime charged in the indictment is not lesser or greater because the punishment is lesser or greater by reason of the presence or absence of prior convictions. It remains the same without regard to the past criminal record of the defendant. The crime, when committed by a first offender, is not a ' lesser crime than that charged in the indictment ' when the indictment charges a second offense. (Code Crim. Pro. § 334, par 2.) * * * In this view of the law, the fact that the former conviction was known at the time sentence was imposed is immaterial. (*Graham* v. *West Virginia,* 224 U. S. 616.) * * *.

" The effect of the new law was doubtless misunderstood by the court, District Attorney and defendant when sentence was passed. This fact is to be regretted as an unfortunate but unavoidable result of the interpretation of a new law by the lower courts." (See, also, *People* v. *Gowasky,* 244 N. Y. 451, 460.)

It is apparent, therefore, that the Court of Appeals did not find that a contract was made vesting a status of "first offender " to the defendant, which the State was estopped from repudiating. In addition it would seem that in the case at bar the agreements made were restricted to the offense for which the plea of guilty was entered. These agreements were kept and defendant was sentenced accordingly. The effect of the authorities above set forth is that this does not bar the State from confronting the defendant with the record of his convictions and counting each separately as the basis for multiple convictions and greater punishment on a subsequent conviction. The dissenting opinion of LAZANSKY, P. J., in the Appellate Division (224 App. Div. 179) in the *Dodd* case might be hinged on defendant's theory, but by the affirmance of the majority view in the Court of Appeals it is apparent that this theory was rejected.

The cases of *People* v. *Reilly* (224 N. Y. 90) and *People* v. *Rockower* (296 N. Y. 369), cited by defendant, are not controlling on this issue. There the Court of Appeals held that an express stipulation or agreement between the District Attorney and a

defendant that certain testimony given by him in another proceeding or action would not be used against him was valid and subsisting and that such testimony might not be used upon the trial against him.

In the instant case the defendant has failed to establish as a fundamental premise that an agreement, express or implied, was made upon the trial as a fourth offender that his former convictions would be treated as a single first offense.

It might be urged that the rationale of the opinion in the *Dodd* case (*supra*) is not controlling because it was rendered subsequent to the amendments in 1926 to section 1942 of the Penal Law and the enactment of section 1943, which divested trial courts of the discretion to accept pleas of guilty as a " first offense" in those cases where a defendant had been convicted of prior felonies. I do not find that contention tenable. The statute at the time of defendant's final conviction provided for the punishment meted out to one who had been " three times convicted " of felonies in this or other jurisdictions. There was no statutory requirement that he be successively convicted as a " first ", " second " and then " third offender " before he could be convicted as a fourth offender. Certainly defendant could have been sentenced as a fourth offender if he had been convicted of three prior felonies in other States where, in accordance with the practice of those jurisdictions, the number of previous convictions of the defendant were not set forth in the indictment or increased punishment meted out for multiple convictions.

Moreover, it is questionable whether the contention advanced may be considered in this proceeding. It is clear that a *coram nobis* proceeding is the proper method to correct the judgment of conviction based on errors of fact not apparent on the face of the record (*People ex rel. Harrison* v. *Jackson,* 298 N. Y. 219, 227, 228). It cannot, however, be said that the contention here raised relates to such errors. It is manifest that even though the indictment under which defendant was convicted and received the life sentence recited only the convictions, without indicating therein that they were founded on pleas of guilty as " first offenses ", the judgment rolls showing all of the pertinent facts must, of certainty, have been offered in evidence and formed part of the record. If defendant's position is correct and it was erroneous to permit them to be the predicate of a fourth offender judgment because of the former pleas of " first offenses ", the remedy was by appeal. If they were not in evidence, there was nothing to sustain the judgment, and appeal

therefrom on a matter of law certainly was available to the defendant.

(2) As appears from defendant's affidavit, he had been convicted of a misdemeanor on October 19, 1914, and was committed to the New York City reformatory, from which he was on parole on November 20, 1916. Upon a plea of guilty to the second felony indictment above set forth, the County Court remanded him for judgment without setting a day therefor and he was returned to the reformatory. Upon defendant's third felony conviction and the sentence thereon on November 16, 1917, he received a one-day sentence for the second felony, as above set forth. Defendant contends that by deferring sentence on his plea of guilty of November 20, 1916, without fixing a day certain therefor and without adjourning the term for that purpose, the County Court lost jurisdiction to pronounce sentence on the second judgment, thereby rendering the judgment void. As the foundation of this contention defendant relies on sections 471 and 472 of the Code of Criminal Procedure, which require that after a plea or a verdict of guilty the court must appoint a time for pronouncing judgment, which must be at least two days after the verdict, " if the court intends to remain in session so long, or if not, at as remote a time as can reasonably be allowed ". But the statute (§ 472) expressly provides " but any delay may be waived by the defendant ". Though there are authorities in other States to the effect that the court loses jurisdiction under these circumstances, the more acceptable reasoning is expressed in *Zerbst* v. *Nahas* (67 F. 2d 742), where the court through oversight failed to sentence the accused on a plea of guilty until the expiration of more than two years, it was held that in the absence of a request by the accused to be sentenced, the court did not lose jurisdiction to impose sentence by reason of the delay. In reaching this conclusion the court relied on the opinion of Mr. Justice SUTHERLAND in *Miller* v. *Aderhold* (288 U. S. 206) that in the absence of a request by a defendant that he be sentenced " he must be held to have consented to the indefinite delay and cannot complain and the court retains jurisdiction until sentence is pronounced ". (See 97 A. L. R. 813.)

Defendant contends that the question of the power of a court to defer sentence indefinitely was left open in *Matter of Richetti* v. *New York State Bd. of Parole* (300 N. Y. 357). In that case, however, there was no question involved as to whether the court lost jurisdiction by indefinitely deferring sentence or whether the defendant could waive the delay. As construed in *Matter of*

*Hogan* v. *Bohan* (200 Misc. 15) the question that was left open in the *Richetti* opinion was the propriety of the practice of trial courts of suspending sentence on multiple offenders with a view to prevent the operation of section 242 of the Correction Law so that a paroled prisoner upon conviction of a subsequent felony would not be credited on the earlier sentence for the time during which he was on parole.

However, even assuming, as defendant maintains, that the County Court lost jurisdiction because of the delay in imposing sentence, I am of the opinion that the error charged is not one which appeared dehors the record and which is correctible on this proceeding. The error, if error it were, could clearly have been remedied by an appeal from that sentence. Moreover, this alleged error may be corrected only in the court where made — that is — the County Court (*People ex rel. Sedlak* v. *Foster,* 299 N. Y. 291, 294; *People ex rel. Madden* v. *Foster,* 297 N. Y. 925; *People* v. *Wurzler,* 300 N. Y. 344; *People* v. *McCullough,* 300 N. Y. 107). As aptly expressed in the concurring opinion of Judge FULD in *Harrison* v. *Jackson* (298 N. Y. 219, 227–228) : " To permit the judgment of a court — in this case, the 1942 judgment of the County Court of Kings County — having jurisdiction over person and subject matter and having power to mete out the sentence imposed, to be ' challenged by writ of habeas corpus *in another court* ° ° ° would produce a chaotic situation.' (Italics supplied.) (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 140, *supra.*) A prisoner's challenge to a prior conviction can best be weighed by the court which convicted him. That is the court which is most likely to have full knowledge of the circumstances attending the conviction, which can best appreciate the meaning of the record before it, and which can most intelligently evaluate the significance of the new information produced by the prisoner.

" In short, it is my opinion that, if ever a second or fourth felony offender wishes to assert the invalidity of a prior conviction — ascribed to an error of fact not apparent on the face of the record — he must do so by motion in the nature of a writ of error *coram nobis* in the court where he was tried. Only if he is successful in that attack, may he thereafter move to have his subsequent sentence corrected. (See *People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112, *supra*; compare *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, with *People* v. *Shapiro,* 188 Misc. 363; compare *People ex rel. Bernoff* v. *Jackson,* 269 App. Div. 580, with *People* v. *Bernoff,* 61 N. Y. S. 2d 46.) "

(3) Defendant urges, with great vehemence, that he is not a fourth offender because two of the judgments of conviction (second and third) occurred on the same day, even though the felonies were committed and the unrelated indictments were returned and the pleas of guilty were entered on different days. Defendant's counsel's able and exhaustive research reveals primarily authorities of other jurisdictions in support of this proposition but only cites dictum in this State and that of HINKLEY, J. (*People* v. *Spellman,* 136 Misc. 25), that '' the courts have, however, humanely and justly required a mandatory life sentence only after three or more fully completed, legal, prior judgments of conviction, separated sufficiently to afford opportunity for the felon to reform.''

Apt, however, is the expression found in the opinion of the Court of Appeals in *Dougherty* v. *Equitable Life Assur. Soc.* (266 N. Y. 71, 88) and quoted in *People* v. *Olah* (300 N. Y. 96, 101): '' No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association.''

The facts in the *Spellman* case (*supra*) are quite different from those in the case at bar. There seven indictments were *simultaneously* found and the pleas of guilty were entered and sentences thereon were thereafter simultaneously pronounced. The weight of authority in this State is contra to the position of the defendant (*Matter of Terwilliger* v. *Turk,* 156 Misc. 246; *Matter of Terwilliger* v. *Eaton,* 164 Misc. 776 [both of which cases were approved in *People ex rel. Reynolds* v. *Morhous,* 268 App. Div. 843]; *People ex rel. Bravata* v. *Morhous,* 186 Misc. 893, affd. 273 App. Div. 929; *People ex rel. Ploiser* v. *Foster,* 193 Misc. 596, affd. 274 App. Div. 1086).

All of the arguments advanced by the defendant in the instant motion with respect to this proposition were considered by the courts in these cited cases. Defendant's counsel's suggestion that they be disregarded and the matter be considered *de novo* will not be heeded by this court of first instance. A novel interpretation of the statute in the face of existing authorities should come from an appellate court.

In 1936, to section 1942 of the Penal Law there was added by the Legislature a provision that '' For the purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be only one conviction ''. This provision meets the situation confronted by the facts presented in the *Spellman* case (*supra*). Had the

Legislature intended to prevent the result reached in the *Terwilliger* case (*supra*) and the others above cited, the language of the statute " after having been three times convicted " could have otherwise been qualified, prior to the fourth felony conviction in the instant case. Courts have the duty " to give effect to statutes as they are written and  *  *  *  may not limit or extend the scope of the statute as written unless a literal construction of the statute would produce a result which the Legislature plainly did not intend " (*Russo* v. *Valentine*, 294 N. Y. 338, 342).

Moreover, it would appear from the authorities heretofore discussed that defendant is foreclosed from making this contention in the present proceeding. Assuming for the moment that defendant's theory were tenable, it would appear that the alleged error is not outside the record. The last indictment charged these convictions on its face and the judgment rolls were part of the record at the trial. If error it were, clearly the remedy by an appeal existed.

(4) Defendant urges that he was prejudiced by reason of the inclusion in the last indictment of the first judgment upon which he received a suspended sentence because the jury may reasonably have disregarded the " one day sentence " " imposed a year after plea and in the same breath as the penitentiary sentence ". On the state of the record and on defendant's admission in his moving affidavit that in addition to the suspended sentence he has been four times convicted of a felony, I am unable to see how defendant has been prejudiced by the inclusion of a fifth conviction upon which sentence was suspended (*People ex rel. Lewis* v. *Foster*, 273 App. Div. 94, affd. 298 N. Y. 839).

(5) Finally, defendant contends that the first four convictions should be vacated because of the failure of the County Court in each instance to afford him the benefit of counsel and in failing to advise him that each might constitute a predicate, subsequently for a fourth offender sentence.

On June 23, 1950, Judge MARASCO in the Kings County Court, after a hearing, entered an order denying defendant's motion to vacate these judgments on the ground that he was not advised of his constitutional right to be represented by counsel and that no offer was made by the court at the time of the pleas of guilty to furnish him with counsel. An appeal to the Appellate Division from that order is now pending. Though as heretofore observed, courts are averse to apply the theory of *res judicata* to a *coram nobis* proceeding, on this phase of the motion the doctrine will, however, be applied. A contrary holding would constitute this forum an appellate tribunal and unduly interfere

with the orderly processes and functions of the County Court and the Appellate Division. Moreover, it is patent, from the observations heretofore made, that the County Court has exclusive jurisdiction of this phase of the application.

The motion to vacate the sentence is denied. Submit order.