John J. Walsh, J.
This is a motion in the nature of a writ of coram nobis, verified August 5, 1959 to vacate a judgment of conviction on a plea of guilty in 1955 in this court.
The defendant petitioner was indicted by the March 1954 G-rand Jury for the crime of forgery in the second degree at a time when defendant was confined in the Orange County Jail on another forgery charge.
On November 9,1955 defendant petitioner was brought before this court pursuant to its order dated the 28th day of October, *416 1955 for the purpose of arraignment and trial upon the 1954 indictment.
Upon his request, Charles L. Smith, Esq. was assigned by the court to represent defendant petitioner. On November 14, 1955 with his assigned counsel present, defendant petitioner withdrew his plea of not guilty and pleaded guilty to three counts of the six-count indictment of forgery in the second degree.
Defendant petitioner having waived the usual two-day adjournment for sentence was thereupon sentenced on the first count to a term of not less than 5 nor more than 10 years in Auburn State Prison, to run concurrently with such portion of the sentence theretofore imposed by the Honorable Raphael A. Egah, County Judge of Orange County (of not less than two and one-half nor more than five years on each of two counts of forgery in the second degree, to be served consecutively) as might on the 14th day of November, 1955, remain unserved (this being the sentence then being served).
Thereafter, by application for a writ of error coram nobis in 1957, defendant petitioner alleged that he had made a motion for dismissal of the indictment on the 10th day of September, 1955 on the ground that there was unnecessary delay in bringing the defendant petitioner to trial on the 1954 indictment and that his correspondence with the District Attorney’s office, prior to his return, constituted a motion for dismissal on the grounds set forth in sections 667 and 668 of the Code of Criminal Procedure, that said motion was sent to the District Attorney’s office, and that said motion was never brought before the court at any time.
This 1957 motion for writ of coram nobis was denied by the Honorable Ezra Hahagah, without a hearing, with a written memorandum dated the 8th day of November, 1957 in which the Judge found that copies of the four letters written by the defendant petitioner to the District Attorney in 1955 “belie the bald statement of the defendant-petitioner that the motion for the dismissal of the indictment which he states that he made on or about September 10th, 1955 was ever made or forwarded to the District Attorney of Oneida County.”
The denial of this 1957 application for writ of error coram nobis was affirmed by the Appellate Division, Fourth Department, in People v. Korson (6 A D 2d 770).
Thereafter, defendant petitioner by writ of error coram nobis dated the 16th day of July, 1958 contended first, that the 1954 indictment was not speedily tried as required by the Code; *417 second, that there was no waiver by the defendant petitioner of his right to a speedy trial by his failure to raise the contention at any time from the time of his arraignment through the time of his sentence, and, third, that he had timely raised such objection in his correspondence with the District Attorney’s office. By a written opinion dated October 15, 1958, the Honorable Ezra Hanagau, Oneida County Judge, denied the application without a hearing.
The defendant petitioner, in his present application now contends that there was further correspondence other than the four copies of letters previously referred to, written at various times prior to his arraignment and that the failure of the District Attorney to include the eight other letters allegedly written by defendant petitioner is a triable issue of fact.
There is no triable issue of fact presented by the petition as the contents of the alleged additional letters are nowhere set forth. The petition for a hearing is therefore denied. While strict principles of res judicata do not apply in coram nobis proceedings (People v. Marra, 1 A D 2d 545) there is no abuse of discretion in denying a hearing on a subsequent application which in all material respects is substantially and essentially the same as in an application previously denied (People v. Sullivan, 4 N Y 2d 472 [1958]), particularly where an appeal is pending (People v. Gorney, 203 Misc. 512) or, as in the instant application, has already been passed upon by an appellate court.
Even if the doctrine of res judicata did not apply herein, it is clear that a claim of denial of a speedy trial must be raised at the time of trial and not years later by coram nobis. (People ex rel. Lee v. Jackson, 285 App. Div. 33, affid. 309 N. Y. 676; People v. Begue, 1 A D 2d 289, 292; People v. White, 2 N Y 2d 220 [1957].)
The White case (supra) held that the right to a speedy trial may be waived either through the acquiescence of the defendant in delay or in his failure to raise the point in time, both of which were present in that case.
It seems clear that defendant is attempting to remove himself from the effect of the White decision in now claiming that he did, in fact, timely raise the point. He cannot, however, successfully argue that his subsequent appearance in court, with counsel assigned to him at his request, his arraignment, his plea of not guilty, his subsequent plea of guilty, his arraignment for sentence and the imposition of sentence, all without raising the question as to whether or not he had had a speedy trial, was not a waiver of any such motion to dismiss the indictment, if ever made.
*418 The motion is in all respects denied. The District Attorney is directed to prepare and submit an order in accordance herewith and to serve a certified copy of such order when entered upon the defendant petitioner at the place where he is now incarcerated.