Memorandum. The trial court found as a fact that plea negotiations had concluded before a prosecution witness, Gabriel Frassetti, spoke to defendant. The court also found that Frassetti, in speaking to defendant, was not acting as an agent of the prosecution. Since there was sufficient evidence to support these findings of fact, the issues are beyond review in this court (CPL 470.35; People v Baker, 23 NY2d 307, 319; see Cohen and Karger, Powers of the New York Court of Appeals, p 742).
This does not, however, end the matter. The prosecutor had confronted defendant with Frassetti during the negotiations in chambers in an effort to impress him with the strength of the People’s case. When the prosecutor, shortly thereafter, requested defense counsel’s permission for Frassetti to speak to defendant in the courtroom, defense counsel, perhaps mindful of the promise made by the prosecutor that anything defendant said in connection with plea negotiations would not be used against him, assented. Under the circumstances, it would have been justifiable for defense counsel to assume that the prosecutor, by his request, impliedly revived plea negotiations and the attendant promise not to use anything defendant said. Otherwise it would be all but inconceivable that defense counsel would have permitted his client to speak to Frassetti, a prosecution witness avowedly eager to see "justice” done in the case, after formal plea negotiations had concluded. Thus, it was reversible error, because it rendered the trial unfair however strong the evidence against defendant, to permit Frassetti to testify to admissions made by defendant during the conversation (see People v Reilly, 224 NY 90, 94-95; People v Rockower, 296 NY 369, 373).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.