Gabrielli, J. (dissenting).
The sole issue presented is whether, following the conclusion of plea negotiations which had been initiated by defendant, the District Attorney’s act in relaying to defense counsel a request made by a friend of the defendant, later to be a prosecution witness, for permission to speak with the defendant, so tainted the admission made to the friend by defendant as to render the admission inadmissible.
*924 Following a full-blown hearing, the trial court held admissible the confession made by defendant to Gabe Frassetti, the defendant’s friend. The court expressly determined that Frassetti, was not an agent of the prosecution and that all plea negotiations were concluded before Frassetti spoke with defendant. A jury verdict of guilty followed and defendant was convicted of robbery in the first degree (Penal Law, § 160.15) and petit larceny (Penal Law, § 155.25). The Appellate Division affirmed, two Justices dissenting.
The majority concedes that these findings of the trial court, as affirmed by the Appellate Division, are beyond our power of review. Nevertheless, they conclude that the confession was "obtained” unfairly. I cannot agree that the wholly innocent and innocuous involvement of the District Attorney tainted any part of an otherwise fair trial.
The facts surrounding the making of the confession are undisputed and may be quickly stated. Prior to trial, plea negotiations were conducted and in exchange for an offer to plead guilty with a certain maximum jail term, defendant offered to identify another participant in the crime and to cooperate in his prosecution. During these negotiations and prior to answering any questions about this matter, the defendant was assured that "nothing that you say here would be used against you; that I do not intend to use any of the statements you make here against you at the trial if this case should go to trial.” Discussions followed during which Frassetti was brought into the chambers by the prosecutor and identified to defendant as a prosecution witness. After a short while, Frassetti left without verbally participating in the negotiations. Soon thereafter, the negotiations broke down and the parties returned to the courtroom. At this time, Frassetti approached the prosecutor and asked if he could speak with defendant. The District Attorney then turned to defense counsel who was standing a few feet away and relayed the request, defense counsel later testifying to his reaction: "I said sure, immediately, I don’t even think I reflected upon it, * * *. I figured he [Frassetti] wants to speak to him [defendant] just as a friend or something along those lines. I had no idea that anything like this [an admission of guilt] was going to be elicited. So that was my thinking.”
The District Attorney had no idea, and defendant does not claim otherwise, that any admission would either be volunteered or made. He testified that two days later, while telling *925 the robbery victim and Frassetti that the case would be difficult because there were no admissions, Frassetti interrupted and informed him, for the first time, that defendant had confessed his participation in the robbery to him.
Indisputably, without prompting or encouragement by the prosecution, Frassetti had, as indicated, requested permission to speak with his friend, the defendant. The District Attorney’s only nexus with the admission that followed was that he relayed the request to defendant’s counsel. In such circumstances, it is difficult, if not impossible to conclude that the request contained an implication reviving the concededly concluded plea negotiations. Neither can I agree that it was "inconceivable that defense counsel would have permitted his client to speak to Frassetti * * * after formal plea negotiations had concluded.”
In addition, the cases relied on by defendant, the dissenters below and the majority, People v Rockower (296 NY 369, 373) and People v Reilly (224 NY 90, 94-95), have no relevance or bearing on the issue herein. The holdings of those cases, with which I agree, stand for the proposition that a prosecutor who promises and stipulates not to use statements made by a defendant during plea negotiations is bound by his promise. In any event and by way of contrast, here it has been explicitly found that the plea negotiations were at an end and, therefore, any promises made for negotiating purposes terminated as well.
In short, there is no record or other support for the conclusion that the confession was unfairly obtained, or tainted by improper prosecutorial activity. Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum; Judge Gabrielli dissents and votes to affirm in a separate opinion.
Order reversed, etc.